Wheeler, O. J.
—Under the repeated decisions of this court, the refusal of the court below to grant.a continuance will not be revised, for the reason, that no exception was taken to the ruling.
The principal question in the case is, whether the court ruled rightly in excluding the evidence offered to prove the transfer of the judgment pleaded in set-off) from one of the plaintiffs therein to the defendants.
The ground on which the court excluded the certified copy' of the transfer from the plaintiff in the judgment to Dooley, was, that it was not an instrument which is within the provision of the registry laws, and was not therefore within the provision of the statute providing for the proof of the instrument by the production of a certified copy. (0. & W. Dig., Art. 469.) We are of opinion, that the ruling was correct, for the reason assigned.
To maintain his right to introduce the copy in evidence, the plaintiff in error relies on the 4th section of the act of 1846, “to provide for the registry, of deeds,” &c., (0. & W. Dig., Art. 1706.) Literally understood and considered, without reference to other provisions of the laws upon this subject, this section would seem to authorize the recording of the transfer in question; and equally the transfer of a promissory note or any other chose in action. But this could not have been intended, since it could subserve no purpose contemplated by the registry laws. The object of the section appears to be, to declare the duty of the recorder to record the instruments, the recording of which was contemplated by'the law, when “proved or acknowledged according to law, and delivered to him to be recorded;” that is, to prescribe the circumstances or requisites which impose the duty to record the instrument, and not to define or prescribe what instrument ought to be recorded. That subject was embraced in other enactments. The object of recording deeds and *127 other instruments, evidencing the title to property, is to give notice of the ownership, where it is not evidenced hy actual possession. But what purpose or notice could the registry of such a transfer as the present subserve? If made a record anywhere, it ought, it would seem, to be in the court where the judgment was recorded and remains of record. We do not think it such an instrument as the law contemplates shall be recorded, and are of opinion that the court did not err in excluding the copy offered to prove the assignment of the judgment.
This proposed evidence of the transfer by the plaintiff in the judgment having been excluded, there was no error in excluding evidence of the subsequent transfer, or of the authority of the defendant to make the purchase of the claim. Generally, the court will not interfere to control parties as respects the order in which they shall introduce their proofs. But where there is a fact essential to be proved as a basis for the introduction of other evidence, or where the materiality and relevancy of other evidence depend on proof of the proposed fact, it is within the discretion of the court to refuse to have its time consumed by proceeding with the introduction of such other evidence, until evidence of that fact shall first have been produced. Until the transfer in question was proved, it was useless to introduce evidence of the subsequent transfer, and it was within the discretion of the court to refuse to admit it. As the plaintiff had alleged a transfer in writing, the parol evidence offered to prove the allegation was very properly excluded. There is therefore no error in the rulings of the court upon the admissibility of evidence.
We are of opinion, that the evidence was properly excluded for another reason. It did not prove, or conduce to prove, any valid defense to the action. If the facts which it was proposed to prove were admitted, they did not constitute the proper subject-matter of a plea of set-off *128 in this action. The defense is supposed to be warranted by the decision of this court in the case of Swenson v. "Walker’s Administrator, (3 Tex., 93.) That case, however, is plainly distinguishable from the present. The account which was there held to be binding on the. estate had been allowed by the administrator and approved by the probate judge. Thus established, it was presented to the administrator by the party who proposed to purchase it, and he -ftas asked if it would be paid; to which he replied that it would. ' This was more than two years after it had been allowed and approved. Upon the faith of such allowance and approval, and the assurance of the administrator that it would be paid, the party purchased the claim; and it was held that, under these circumstances, the administrator was precluded from contesting its original justice, and that it was binding on the estate. That was a very different case from the present. Here, the defendant has bought up a claim against the estate which was never presented to the administrator for allowance, and is not in any manner established as a valid subsisting claim against the estate, and seeks to have it allowed as a set-off in the District Court against the estate. No ease has gone to the extent of permitting such a defense. It is averred, that the administrator had authorized the defendant to buy up claims against the estate; but not that he had authority to purchase this particular claim. It does not appear, nor is it averred, that the administrator had ever, in any way, admitted or recognized it as a just and subsisting claim against the estate. It is reasonable to suppose, and the contrary is not averred, that he reserved to himself the right to pass upon the justice of the claims which might be presented by the defendant. But be this as it "may, it is conceived the administrator has no authority to bind the estate in this manner. The law confers upon him no such authority. He may bind himself, but cannot bind the estate, by authorizing a party to buy up claims against *129 it. The party who incurs expense by purchasing such claims, at the instance of the administrator, must look to him, and not to the estate, to be reimbursed their expenses, unless they are established as valid subsisting claims against the estate in the mode prescribed by law. To allow such defenses as the present, would greatly embarrass the settlement of estates, and would lead to the investigation of questions in the District Court touching the solvency of the estates, and other matters concerning their administration and settlement, which belong to the Probate Court, and the investigation of which ought to be confined to that court.
It is scarcely necessary to say, that this claim cannot be interposed by the defendant in this action against the administrator in his personal capacity.
It follows, from the view we have taken, that the court did not err in refusing a new trial. There is no error in the judgment, and it is
Affirmed.