ELIZA A. BROWN ET AL. v. MARY E. MOORE.

1. An officer interested in a deed cannot take the acknowledgment of the
   grantors in such deed.
2. The commissions of a trustee is sufficient interest to disqualify him from
   taking the acknowledgment to the trust deed.

APPEAL from Galveston. Tried below before the Hon.
A. P. McCormick.

On the twentieth day of July, 1858, Mary E. Moore
(appellee) and her husband, James W. Moore, executed
and delivered to Eliza E. Brown (appellant) their note for
$1100, due January 1, 1859, and secured its payment by
deed of trust to Oscar Farish, executed in due form, of
same date, conveying to him, in trust, lots 12, 13 and 14,
block 136, with improvements, in the city of Galveston,
and two slaves. On April 12, 1868, the trustee advertised
the lots and improvements to be sold under the terms of
the deed of trust, on April 25, 1868. The appellee, on the
twenty-second day of the same month, filed her petition
in the Galveston District Court to enjoin the sale. The
petition had already been submitted to the judge in
chambers, and he had made an order responsive to its
prayer, on April 18. The allegations relied on for relief
were, that the property was the homestead of petitioner

and family when the note and trust deed were made, the lots not exceeding the value of $500 each, and that it was acquired during the coverture of her said husband and self; that he died August 15, 1866, leaving three children of their marriage, and herself, the children being still minors; that the consideration of said note was a debt of her said husband, and she was an entire stranger thereto; that he died possessed of the property described, and owned no other; that the said lots are worth not exceeding $2000, and she owns an interest in no other property.

On December 9, 1868, defendants answered, denying plaintiff's right to arrest the sale; admitting the property was homestead at the time of the execution of the note and deed of trust, but alleging it to have been the separate property of the plaintiff; and admitting further the truth of the remaining allegations of the petition. The answer concludes with a prayer for the dissolution of the injunction.

By amended petition of December 12, 1870, plaintiff alleged that the lots in controversy were her separate property, and ever since their acquisition had been and then were her homestead; that the acknowledgment to the deed of trust was made before said Farish, the trustee therein named, and was therefore void, and that the allegations of her original petition were true.

It was admitted that the consideration of the note was not for the use of the plaintiff, nor necessaries for her family, nor for the benefit of her separate property, and that the allegations of the original and amended petitions respecting the homestead and its value were true.

The note and trust deed were submitted to the court. The court (jury being waived) rendered judgment March 15, 1871, perpetuating the injunction. Whereupon, defendant appealed.

*McLemore & Hume*, for appellants, cited Paschal's Digest, Article 1003; 34 Texas, 478, Howard v. Walker; 5 Texas, 200, Hollis and Wife v. Francois & Borden; 6 Texas, 103, Sampson & Keene v. Williamson; 16 Texas, 58, Stuart v. Mackey; 18 Texas, 643, Shelby v. Burtis; 26 Texas, 686, Patton v. King; 4 Allen, 440, Bartlett v. Bartlett *et al.;* Paschal's Digest, Articles 1305, 4640; 23 Texas, 180, McGee v. White; 5 Texas, 152, Cartright v. Hollis; 10 Texas, 123, Christmas v. Smith; 11 Texas, 329, Milburne v. Walker; 19 Texas, 346, Brown *et als.* v. Ector and Wife; 20 Texas, 374, McFaddin v. Cumpler; 27 Texas, 256, Hutchinson v. Underwood; 3 Johnson R., 88, 89, 90, Methodist Episcopal Church v. Jacques; Sections 347, 348, 370, 371, 372, Cord's Legal and Equitable Rights of Married Women; 2 Story's Eq., 1401; 3 Washburn R. P., 281–2, 272; 14 Wis., 683, Kimball v. Johnson; 2 Watts, 141, Bank v. Porter; 5 Iowa, 103, Dissaume v. Burnett; 20 Iowa, 231, Wilson v. Traer; 46 Mo., 404, Stevens v. Hampton; 20 Me., 431, Beaman v. Whitney; 6 N. Y., 422, Lynch v. Livingston.

*Ballinger, Jack & Mott*, for appellees, cited 4 Texas, 152, Catlin v. Glover; 21 Texas, 46, Gregory v. Van Vleck; 25 Texas Sup., 112, Nichols v. Gordon; 8 Texas, 51, Henderson v. Kissam; 13 Texas, 467, 468, Smith v. McGaughey; 22 Texas, 612, Coats v. Elliott; 14 Texas, 42, Young v. Epperson; 5 Texas, 195, Hollis v. Francois; 22 Texas, 628, Ross v. Bremond; 26 Texas, 744, Berry v. Donley; 28 Texas, 532, Cross v. Evarts; 12 Mod., 669, Wood's case; Comyn's Dig., Justice, 3; 5 Cranch, 367, Slocum v. Sims; 2 Mason, 252, Bean v. Smith; Crocker on Sheriffs, 2; 1 Kernam, 61, Carpenter v. Stilwell; 2 Watts, 141, Bank v. Porter; 4 Cowen & Hill's Notes, 464, 469; 13 Mich., 329, Groesbeck v. Seeley; 20 Iowa, 231, Wilson v. Traer & Co.; 5 Iowa, 103, Dissaume v. Burnett; 20

Maine, 413, Beaman v. Whitney; Tiffany on Trusts, 842; 9 Texas, 599, De Leon v. White; 23 Texas, 96, Ayers v. Henderson; 7 Watts, 227, Withers v. Baird; 46 Mo., 404, Stevens v. Hampton; Gen. Prov., Sec. 21, State Constitution; Paschal's Digest, Articles 1003, 1005; 6 Texas, 119, Sampson & Keene v. Williamson; 18 Texas, 644, Shelby v. Burtis; 23 Texas, 180, Magee v. White; 27 Texas, 256, Hutchinson v. Underwood; Act of April 30, 1846, Paschal's Digest, Art. 4640, *et seq.*; 46 Mo., 543, Klum v. Weippert; 33 Texas, 86, Westbrooks v. Jeffers; 33 Texas, 39, Blair v. Thorpe; Paschal's Digest, Articles 1305, 1339; Cord on Eq. Rights Married Women, 522; 2 Story's Eq. Jur., §§ 1402, 1407, 1411, 1414; 21 Texas, 665, Sossaman v. Powell.

WALKER, J.—James W. Moore and Mary E., his wife, to secure the payment of $1100 to Eliza A. Brown, executed a deed of trust to Oscar Farish over lots 12, 13 and 14, in block 136, in the city of Galveston, together with two slaves. The trustee took the acknowledgment of the wife to the deed. The property mortgaged was her separate property. The trustee was interested in the conveyance to the extent of his commission, and was therefore incompetent, as an officer, to take an acknowledgment of the deed. Authorities are sufficiently referred to in the able briefs of counsel to this point. We think the law is well settled; and though there are other questions raised in this record of a deeply interesting character, we will decide this case upon the point already stated, referring to our opinions in other cases for the settlement of all other questions involved. The judgment of the District Court is affirmed.

                                        AFFIRMED.