GEORGE H. CHURCHILL ET AL. V. BIELSTEIN & RICHTER ET AL.
No. 531.

1. **Mechanic's Lien Contract—Homestead—Oral Change of Contract.**—A husband and wife contracted with a builder to erect for them a dwelling homestead, and were to pay him a certain price therefor, part of it in monthly installments, their notes for these "to be at once executed to the (builder), so that he can negotiate them for labor and material in the construction of said dwelling house." Afterwards the husband agreed orally with the builder that one of the notes should be deposited with one G., who was to furnish the builder with material to the amount of their value to be used in constructing the house.   *Held*, that this was not a new contract to which the wife was not a party, and it did not materially affect the original contract, or impair its lien.

2. **Same—Description of Premises—Alteration.**—In a mechanic's lien contract the lot was described by the owner as "their lot on Romana street."   *Held*, that this was sufficiently certain for the purpose of the lien, and that the addition, after the wife had signed the contract, of a further description by lot and block number was not a material change.

3. **Pleading—Petition—Stating Plaintiff's Name.**—That the christian name of plaintiff is stated in the petition only by his initials is not now good cause for demurrer, the common law rule in this respect having been relaxed.

4. **Variance—Pleading and Proof.**—An allegation that defendants agreed to pay a certain sum for the building—"$200, to be paid in groceries"—is supported by proof of a contract for the price stated, a part of it to be paid by "an order on Mr. Green's grocery store for $200."

5. **Negotiable Note—Failure of Consideration.**—Under a contract for building a house, notes were given in advance for the full contract price, the maker agreeing to their sale as negotiable paper to enable the contractor to procure material. The notes were negotiated, and to an action brought on some of them the maker pleaded failure of consideration, in that the contractor had failed to fully complete the house according to contract. *Held*, that the defense was not available in the absence of some fraud with which the purchasers were connecte

APPEAL from Bexar. Tried below before Hon. W. W. KING.

*Tarleton & Altgelt*, for appellants.—1. The contract of the wife privily acknowledged prior to the commencement of making improvements can not thereafter be altered, enlarged, or changed in any material particular, unless such changes or alterations are first contracted for in writing, and the contract acknowledged in the same manner and with the same solemnity as the original contract, prior to such work or material being done or furnished. Lyon v. Ozee, 66 Texas, 95; Taylor v. Huck, 65 Texas, 238; Lyon v. Elser, 72 Texas, 305; Fullenwider v. Longmoor, 73 Texas, 480; Borely v. Pease, 22 S. W. Rep., 516; Huff v. Clark, 59 Texas, 347; Ricker v. Schadt, 23 S. W. Rep., 496.

2. The statute has not changed the rule of the common law, and a petition giving only the initials of the christian name of plaintiffs is bad on special demurrer. Maxwell Code Pl., p. 74; Hite v. Hinton, 20 Mo., 268; Gardiner v. McClure, 6 Minn., 167; Ferguson v. Dunth, 10 Kas., 396; Jenigan v. Carter, 60 Ga., 131.

3. When an instrument appears to be altered in a material particular, such as the description of the property, it devolves upon the party offering it to prove that the alteration was made with the consent of the maker; and in this case, the alteration being apparent, it devolved on the plaintiffs to show such change was made prior to the privy acknowledgment of the wife; otherwise it was inadmissible. Dewees v. Bluntzer, 70 Texas, 406; Collins v. Ball, Hutchins & Co., 82 Texas, 259; Park v. Glover, 23 Texas, 469; 1 Greenl. on Ev., sec. 564; Abb. Trial Ev., p. 406.

4. A non-negotiable instrument (contract in this instance) so materially altered after its execution without the consent of the maker, will be void even in the hands of a bona fide purchaser for value, and the holder can not avail himself of the contract as it existed before. Bank v. Shafer, 9 Neb., 1; Horn v. Bank, 32 Kas., 518; Newell v. Mayberry, 3 Leigh (Va.), 250; 23 Am. Dec., 261.

5. One who buys a negotiable promissory note (not accommodation) before its maturity, with the knowledge of the consideration moving its execution, and that such consideration has failed, buys at his risk. He is not an innocent purchaser, and in such owner's hands the maker may offset any equity as if in the hands of the original payee. Rev. Stats., art. 272; Herndon v. Bremond, 17 Texas, 432; Wade on Notice, sec. 94a.

*James Routledge,* for appellees.—1. The given names of the plaintiffs are not an essential part of the petition, when the initials are given. Cummings v. Rice, 9 Texas, 527; Brown v. Hunter, 38 Texas, 626; Rev. Stats., art. 1195; McKay v. Speak, 8 Texas, 376; Page v. Arnim, 29 Texas, 53; Edmundson v. Yates, 25 Texas, 374.

2. The alleged alteration was immaterial, the description of the lot being sufficient without it. Gillespie v. Remington, 18 S. W. Rep., 338; Scholes v. Hughes, 77 Texas, 482; Cleveland v. Sims, 69 Texas, 153; Drew v. Drew, 28 N. H., 489; Kezartee v. Marks, 16 Pac. Rep., 409; Phil. Mec. Liens, p. 619, secs. 379, 382.

3. The alleged variance as to the amount to be paid in groceries is immaterial. McClelland v. Smith, 3 Texas, 210; Hays v. Samuels, 55 Texas, 210; Smith v. Shinn, 58 Texas, 3; Washington v. Douton, 64 Texas, 6; Wilburton v. Patterson, 64 Texas, 56; Taylor v. Merrill, 64 Texas, 494–497.

4. The holders of the notes were innocent purchasers for value, before maturity and without notice, and could enforce the same. Bosley v. Pease, 22 S. W. Rep., 516; Jones v. White, 12 S. W. Rep., 179; 1 Dan. Neg. Inst., p. 625; Twohig v. Bremer, 19 S. W. Rep., 769; Gee v. Saunders, 66 Texas, 333; Brown v. Thompson, 15 S. W. Rep., 169; Twohig v. Brown, 19 S. W. Rep., 769.

JAMES, CHIEF JUSTICE.—A building contract was entered into by appellants with C. M. Cadwallader, a builder, for the construction of a dwelling on their homestead lot (describing the same), in a certain manner, to be fully completed by February 1, 1893. Appellants agreed to pay Cadwallader $1500 for the labor, improvements, and material, as follows: "An order on Mr. Green's grocery store for the sum of $200," the receipt of which was acknowledged, and the remainder in monthly payments of $25 each, drawing 8 per cent interest per annum, a lien being provided for to secure the same. This contract contains the following clause: "These notes to be at once executed and delivered to the party of the first part, so that he can negotiate them for labor and material in the construction of said dwelling house."

The notes sued on were acquired by plaintiffs through transfers of same from C. M. Cadwallader, made while the improvements were being constructed. The two notes held by plaintiff Goforth were given him for his labor upon this building. The same was the case with the two notes held by Eldwood, and the five notes held by Biel-

stein & Richter were obtained by them from laborers who were working on this building. The testimony does not clearly show the same with regard to the notes held by plaintiffs Rosenberg and F. G. Cadwallader, but it does appear that these were negotiated by C. M. Cadwallader while work was proceeding on the building. It appears that C. M. Cadwallader transferred ten of these notes to his son F. G. Cadwallader for "ten good notes," and that the note now held by him and that held by Rosenberg were of these ten. It appears that the contractor experienced difficulty in negotiating the notes, because they were connected with a homestead, and from this it appears that what he meant by "ten good notes" was notes that he could use.

There is nothing to show that plaintiff McCall was not an innocent purchaser for value of the note held by him.

*Conclusions of Law.*—The defendant pleaded that the contractor had not performed his contract, but after much delay after the time fixed for completing the building, had left it incomplete, and that defendants were compelled to finish it at a cost to them of $350, which they here plead in reconvention, which was more than the amount of the notes sued on.

Defendant also pleaded, that after the execution of the contract the contractor and George H. Churchill entered into an oral agreement, by which the former undertook to render a different service than said contract provided, and agreed to substitute such oral contract for the written one.

It is not necessary to mention other allegations in the answer. It contained numerous exceptions to the petition, which will be considered in connection with the assignments.

The petition and trial amendment contained allegations to the effect, that on March 13, 1893, and April 28, 1893, arrangements were made between Cadwallader and Churchill, by which certain of the notes held by Cadwallader were to be deposited with Charles W. Green in trust for Churchill, and that Churchill would furnish Cadwallader with certain material, of a value equal to the notes, to be used in the building. The petition in the same connection shows that Cadwallader was at such times unable to obtain material, and also that he continued and finished the work in June, 1893, thereby substantially showing that Churchill had supplied this material.

The first and fourth assignments are, in substance, that there were changes in the contract as executed by the wife, that as to work done after March 13, 1893, there was no contract to which the wife was a party, and that it not appearing what work was done before and what after that date, plaintiffs did not show themselves entitled to a lien on the premises. The overruling of these demurrers was correct. The allegations did not show any substantial change in the contract or the making of a new one. The most that can be contended for them is that Churchill provided for the payment of certain of the notes in

material which the contractor was not capable of otherwise procuring, and to enable him to prosecute the work under his contract. It can not be said that this affected, in any material respect, the original agreement or impaired the lien. This disposes also of the second assignment.

In the petition the christian name of several of the plaintiffs is given by initials, and this was the subject of one of the exceptions. The common law rule in this respect has been relaxed, and we do not consider it at this time a good cause for demurrer. Cummings v. Rice, 9 Texas, 527.

Defendants pleaded, that the description of the lot was not in the contract when it was signed and acknowledged by the wife, and that the description of the lot in question was fraudulently inserted afterwards, and that no contract as alleged in the petition was ever signed by defendants. This plea was not verified by affidavit.

· The contract in evidence read: " On their lot on Romana street, to wit: lot 33, in block 1, Slocum Park." Cadwallader testified, that when the contract was ready Mr. Churchill said the deed was still in the hands of the party he bought from, so the description given in the contract was a lot on Romana street. When the deed was had there was added to the description the words, "lot 33, block 1, Slocum Park," and that this alteration was made after signing or before acknowledgment. Churchill testified, that the words, "lot 33, block 1, Slocum Park," were put in after the acknowledgment. Had this particular designation of the lot not been inserted, the lot would have been described with sufficient certainty for such liens. Scholes v. Hughes, 77 Texas, 482.

The parties treated the lot upon which the contractor proceeded to erect the improvements as the lot to which the contract had reference; and it is clearly inferable from the answer that the improvements were placed on the lot 33, block 1, Slocum Park. About this there was no question. Assuming that the addition was made by Cadwallader after the acknowledgment, it can not be said that was a material change in the contract. The court properly held it immaterial. This disposes of the fifth, eighth, twelfth, and thirteenth assignments.

The petition alleged, that by the terms of said contract the defendant agreed to pay for the construction of the house the sum of $1500, the sum of $200 to be paid in groceries, etc., while the contract offered in evidence read "for and in consideration of said party paying said party for all labor and improvements and material in said house the sum of $1500, to be paid as follows, an order on Mr. Green's grocery store for $200." This was claimed to be a variance. The two expressions convey substantially the same idea, and the assignment is not tenable.

The seventh, tenth, and eleventh assignments will be disposed of together. They make the question whether or not there should have been submission of the issue as to failure of consideration and notice to plaintiffs thereof, and also the question whether or not the court

erred in excluding evidence offered by defendants to support their plea in reconvention.

There was no testimony offered by defendants to contradict the fact that the notes were negotiated by Cadwallader while the work was in progress, and before it was abandoned, as defendant alleged.    Besides the fact that the notes were negotiated by Cadwallader while the work was being done, it appears from the terms of the contract that they were given in negotiable form in order that they might be conveniently transferred to enable Cadwallader to carry on his contract. The sale of the notes as negotiable paper was therefore consented to by defendants, and by their contract they were parties to such sales. Therefore, in the absence of allegation that plaintiffs were connected with some fraud by Cadwallader upon defendants in the transfer of the notes, defendants were unable to raise the issue of no consideration, or to contend that they were not bona fide purchasers of the paper.    The court correctly assumed that they were protected.

It does not appear that the exception to plaintiff's trial amendment was acted upon, hence the fifteenth assignment is not considered. The sixteenth assignment relates to the overruling of the motion for new trial, and the matters mentioned therein have been disposed of by what has already been said.

There is no error, and the judgment will be affirmed.

*Affirmed.*

Delivered January 9, 1895.