## ROSS v. FORT WORTH NAT. BANK et al.
### No. 12299.

Court of Civil Appeals of Texas. Fort Worth.
April 5, 1930.

Rehearing Denied May 31, 1930.

Simpson, Collins & Moore, of Fort Worth, for appellant.

Bryan, Stone, Wade & Agerton and Cantey, Hanger & McMahon, all of Fort Worth, for appellees.

DUNKLIN, J.

The Fort Worth National Bank recovered a personal judgment against Malcolm S. Ross and W. F. Lowry for the sum of $2,861.67, with interest and costs of suit, and for a foreclosure of a mechanic's lien upon lots 19 and 20 and the west 10 feet of lot 18 in block 52, Arlington Heights addition to the city of Fort Worth, as against those two defendants and also as against Ara P. Ross, the former wife of Malcolm S. Ross. There was also a judgment in favor of Malcolm S. Ross and W. F. Lowry over against Ara P. Ross for the amount recovered against them by the bank; and a denial of the cross-action by Ara P. Ross against Malcolm S. Ross and W. F. Lowry. From that judgment Ara P. Ross has prosecuted this appeal.

The case was tried before the court without a jury, and findings of fact and conclusions of law, made the basis of the judgment, appear in the record.

The facts disclosed are as follows: While Malcolm S. Ross and Ara P. Ross were husband and wife, they entered into a contract with the Farmers' & Mechanics' National Bank of Fort Worth, by the terms of which the bank agreed to construct a house upon the property above described, which was then the homestead of the husband and wife, who agreed to pay therefor the sum of $4,000, for which Malcolm S. Ross executed his promissory notes in favor of the Farmers' & Mechanics' Bank, and to secure payment of the $4,000 they agreed to the creation of a mechanics' and materialman's lien on the property. The mechanic's lien contract was dated November 23, 1925. After the house was finished, Ross and wife moved into and occupied it as a place of residence. On August 21, 1927, Malcolm S. Ross, together with W. F. Lowry, executed a note in favor of the Fort Worth National Bank in renewal of the balance due on the $4,000 which had been originally contracted to be paid to the Farmers' & Mechanics' National Bank and which indebtedness had been transferred and assigned to the plaintiff bank, together with the mechanic's lien given to secure the same. W. F. Lowry executed that renewal note as an accommodation surety for Malcolm S. Ross, and prior to the execution of that note the Farmers' & Mechanics' National Bank had constructed the improvements on the lot in accordance with the terms of the mechanic's lien contract and had paid out therefor the full sum of $4,000, which Ross and wife had agreed to pay as a consideration therefor.

On March 2, 1928, the defendant Ara P. Ross and the defendant Malcolm S. Ross, having been legally divorced, entered into a contract and agreement relating to the adjustment of their property rights, in which it was agreed as follows:

"Plaintiff, Malcolm S. Ross, further agrees to assume and pay off the community debts which have been incurred and are now owing by the community estate of himself and defendant Ara Pemberton Ross of every kind and character, except in this connection, however, it is understood and agreed that in the event it should be determined that the note now held by the Fort Worth National Bank originally in the sum of $4,000.00 and upon which there is now due approximately $2500.00, is secured by a lien upon the property hereinbefore described, that then and in that event plaintiff Malcolm S. Ross does not assume said note and the defendant, Ara Pemberton Ross, agrees to protect the plaintiff, and the other signer to said note, towit: W. F. Lowry, from any liability thereon; however, it is understood that the defendant does not admit, but on the contrary denies that such note is secured by a lien on said premises and this agreement is not an admission

upon her part of the existence of any lien to secure said note; she at all times denying the validity thereof heretofore and at this time; and she the said defendant herein agrees that she will protect the said Malcolm S. Ross and W. F. Lowry against any liability on said note only in the event it should be determined that said note is secured by a lien upon said premises; otherwise, as hereinabove stated, the plaintiff Malcolm S. Ross agrees to assume and pay said note along with the other community indebtedness. But it is further expressly agreed in this connection by the execution of this instrument that the plaintiff, Malcolm S. Ross, does not agree that the indebtedness held by the bank is not a lien upon the property hereinabove described, and does not waive his right to insist and claim that said indebtedness is secured by a valid outstanding lien against said property."

At the time of the trial of the case, there was due upon the renewal note so executed by Ross and Lowry the principal sum of $2,400, the sum of $201.52 interest, and $260.15 attorneys' fees, making a total of $2,861.67, and the foreclosure was for that amount.

There was a further judgment in favor of Malcolm S. Ross and W. F. Lowry over against Ara P. Ross for whatever sum they might be required to pay on the judgment so rendered against them, that recovery being based upon the agreement of Malcolm S. Ross and Ara P. Ross above noted.

The cross-action of Ara P. Ross over against Malcolm S. Ross and W. F. Lowry, which was denied by the court, was based upon the agreement between herself and Malcolm S. Ross, noted above.

The building contract and mechanic's lien, referred to above, was duly executed by the Farmers' & Mechanics' National Bank through its proper officers, and by Malcolm S. Ross and his then wife, Ara P. Ross. The acknowledgment of all the parties thereto was taken by G. L. Cline, a notary public, who was named as an arbiter in the contract in a provision reading as follows:

"If at any time there is any dispute or misunderstanding as to the terms or meaning of said plans and specifications or of this contract, or as to whether or not said improvements are being erected, or have been created, according to this contract and said plans and specifications, then such matter shall be submitted to G. L. Cline for determination."

The acknowledgment was in statutory form, but appellant insists that since the notary who took the acknowledgment was named as an arbiter in the face of the instrument and given the powers therein specified, and therefore had a prospective interest in the reasonable value of any service he might possibly perform as such arbiter, he was disqualified from taking the acknowledgment, and by reason of such disqualification no valid mechanic's lien was fixed upon the property which was then the homestead of Malcolm S. Ross and Ara P. Ross.

Here are some of the findings of fact in the conclusions filed by the trial court:

"I find that no dispute or misunderstanding as to the terms or meaning of said plans and specifications, or of the contract, as to whether or not said improvements were being erected or had been erected according to said contract, ever arose, and that G. L. Cline named therein was never called upon to act as arbitrator.

"I find that G. L. Cline named as arbitrator in said contract was recognized to be by such parties to the instrument impartial and disinterested.

"It is concluded that G. L. Cline, a notary public, who took the acknowledgment to said contract, in taking same was not an agent of one of the parties, and that his interest, if it may be termed such, was so indirect, remote and contingent, that he was not disqualified to take such acknowledgment and his act in so taking it did not render it void."

In Sample v. Irwin and wife, 45 Tex. 567, it was held that J. C. Gaither, who had signed the names of one of the parties to a deed of trust and of himself as agent, was not legally qualified to take the acknowledgment of the two other parties to the same instrument, and in so holding the court had this to say:

"In the case of Brown v. Moore, 38 Tex. 645, an acknowledgment of a deed of trust made before a trustee, interested to the extent of his commissions, was held invalid. (See also Stevens v. Hampton, 46 Mo. 406.) In this case the acknowledgment was before an agent of the firm, for whose benefit the deed was made, his agency appearing on the face of the deed. If the fact of agency raises a presumption of pecuniary interest, the case of Brown v. Moore is in point. But whether such be the presumption or not, we think that one who identifies himself with the transaction by placing his name on the face of the instrument as the avowed agent of one of the parties, is not competent to give it authenticity as an officer. We have been cited to no case recognizing the validity of such an acknowledgment; on the other hand, it has been assumed as too plain for doubt that a person cannot take an acknowledgment of a deed to himself."

In the case of Titus v. Johnson, 50 Tex. 224, title to land was involved and one of the links in the chain of title of one of the parties was the transfer of a land certificate which was located on the land before it was patented. W. S. McClure as notary public took an acknowledgment to that conveyance, and objection was made to the introduction of the instrument upon the trial of the case, on the ground that by parol evidence it was

shown that at the time the acknowledgment was taken, McClure had a contract with Johnson, the grantee, to receive a portion of the land in consideration for his services in locating and surveying it. The trial court overruled an objection to the admission of that instrument in evidence, based on those facts, and that ruling was sustained by the Supreme Court. In the opinion of the court in that case the decisions of Brown v. Moore, 38 Tex. 645, Johnson v. Brown, 25 Tex. Supp. 120, and Johnson v. Newman, 43 Tex. 628, were all discussed, and following that discussion this is said:

"In the subsequent case of Sample v. Irwin, 45 Tex. 567, the court held, that 'one who identifies himself with the transaction, by placing his name on the face of the instrument as the avowed agent of one of the parties, is not competent to give it authenticity as an officer.' And this, we think, is as far as this court has ever gone, or can, consistently with sound principles or a due regard to public policy, be asked to go, in the direction insisted upon by appellants," with the further observation that all of those cases were easily distinguishable from Titus v. Johnson.

In Silcock v. Baker, 25 Tex. Civ. App. 508, 61 S. W. 939, the acknowledgment to a deed was held invalid because the notary taking it was the husband of the grantee and had taken the acknowledgment of the grantor.

In Rothschild v. Daugher, 85 Tex. 332, 20 S. W. 142, 16 L. R. A. 719, 34 Am. St. Rep. 811, it was held that a notary was disqualified where he was a trustee named in the deed of trust. Both of these cases we believe are clearly distinguishable from the present suit.

In W. C. Belcher Land Mortgage Co. v. Taylor (Tex. Com. App.) 212 S. W. 647, 650, the former decisions of the Supreme Court including those mentioned above, were reviewed at length in determining the question whether or not a notary who took an acknowledgment to a deed of trust given by Taylor was disqualified to take it by reason of the fact that he was to receive a commission from Wilkes, the payee of the notes, after the loan was consummated. In the opinion of the Commission of Appeals, which was adopted by the Supreme Court, the following was said:

"It is generally held that one having a direct pecuniary interest in the consideration of an instrument, or in upholding such instrument after its execution, is disqualified from taking the acknowledgment thereto. 1 C. J. 804.

"Jones was not a party to the instrument, nor does his name appear upon its face as an agent of any party thereto. He was the agent of the Taylors and Wilkes. Wilkes was not a party, nor in any manner concerned, in the deed in trust. Jones had no interest in or under the deed in trust, in the consideration therefor, or in upholding the same after its execution. Kutch v. Holley, 77 Tex. 220, 14 S. W. 32. He had an interest in the transaction to the extent that he would receive, not from the Belcher Company, but from Wilkes, the sum of $25 as commissions. This amount was to be paid him by the payee of the notes for their negotiation, not by the Belcher Company, for securing the execution of the deed in trust. It is true that the notes would not have been negotiated but for the execution of the instrument, and Jones therefore had an indirect interest in its execution. This was, however, an interest in the transaction, and not in the instrument or its consideration. It cannot be held that this character of interest rendered his act void. It is of utmost importance that the officer taking an acknowledgment be disinterested in order to impartial action toward the parties to the instrument. It is likewise important, as a matter of public policy, that verity be given the certificate of acknowledgment. To hold that an indirect interest of this character, in the absence of proof of fraud, bad faith, undue advantage, or improper conduct, renders void the instrument so executed by a married woman, would be productive of injurious consequences in many cases, and would tend to destroy confidence in instruments executed by married women. Were it in evidence that Jones was to receive compensation from the Belcher Company, a different question would be presented."

In Gordon-Sewall & Co. v. Walker (Tex. Civ. App.) 258 S. W. 233, it was held that A. L. Keyser, the attorney for the First State Bank of Conroe, was not disqualified to take an acknowledgment to a deed of trust wherein that bank was beneficiary. Likewise, in Creosoted Wood Block Co. v. McKay (Tex. Civ. App.) 241 S. W. 549, it was held that a notary who took acknowledgment of the husband and wife to a mechanic's lien contract on their homestead was not disqualified so to do because of the fact that he was an employee of the paving company in whose favor the lien was given, by reason of the fact that at the time the acknowledgment was taken he was employed as a promoter for the paving company and was drawing a salary from that company for his services.

█ The possibility that Cline might be called upon to arbitrate differences between the parties to the mechanic's lien contract and might be in a position to claim pay for his services did not show that he had any interest in the consideration which led to the execution of the contract, nor did it create in Cline any direct interest therein. And therefore it cannot be said that he, in any sense, became a party to the contract. Accordingly, in view of the foregoing authorities, we conclude that the mere fact that Cline was named in the contract as a possible arbitrator, in the event differences might

arise between the parties, did not disqualify him from taking the acknowledgment of the husband and wife to the contract.

■ In the mechanic's lien contract the property upon which the improvements were to be placed and to be covered by the mechanic's lien were described as "5537 Byers Avenue, Arlington Heights."

There is no merit in the assignment that that description was insufficient, since the entire record shows conclusively that that designation of the property was intended and understood by the parties to mean and cover the lots described and referred to above. See Lipscomb v. Adamson Lumber Co. (Tex. Civ. App.) 217 S. W. 228; Scholes & Goodall v. Hughes & Boswell, 77 Tex. 482, 14 S. W. 148; Churchill v. Bielstein, 9 Tex. Civ. App. 445, 29 S. W. 392; Griffin v. Shamburger (Tex. Civ. App.) 262 S. W. 144.

■ There is no merit in the further assignment that the Farmers' & Mechanics' National Bank did not intend to rely upon the mechanic's lien to secure the payment of money advanced by it for the construction of the house, since the evidence is ample to sustain the finding of the court to the contrary.

■ The mechanic's lien contract did not cover the attorneys' fees provided for in the renewal note executed by Malcolm S. Ross and W. L. Lowry, and upon which the personal judgment against them was based. Therefore, there was error in decreeing the foreclosure of the mechanic's lien for those attorneys' fees, which, as shown above, amounted to $260.15.

■ Accordingly, the judgment of the trial court will be reformed so as to limit the amount for which a foreclosure decree was rendered against appellant Ara P. Ross to the principal sum of $2,400, with interest, and to exclude from such foreclosure the amount of attorneys' fees just noted. And the judgment in favor of Malcolm S. Ross and W. F. Lowry will likewise be limited to such principal and interest, since the general terms of appellant's agreement to hold Malcolm S. Ross and W. F. Lowry harmless against any liability on the $2,400 note was limited to so much of said note as could be shown to be secured by a mechanic's lien. by reason of the following provision contained in the contract:

"And she the said defendant herein agrees that she will protect the said Malcolm S. Ross and W. F. Lowry against any liability on said note only in the event it should be determined that said note is secured by a lien upon said premises."

As so reformed the judgment will be in all other respects affirmed, and the findings of fact by the trial court are hereby adopted by this court.

One-half of the costs of this appeal will be taxed against the Fort Worth National Bank and one-half against Malcolm S. Ross.