### A. M. AND H. B. KUTCH v. WILLIAM HOLLEY.

#### No. 6412.

1. **Immaterial Testimony.**—The admission of a copy of a recorded deed in evidence without three days' notice of filing is immaterial when there was no issue between the parties as to the conveyance.

2. **Competency of Officer Taking Privy Acknowledgment.**—That the notary taking the wife's separate acknowledgment to a mortgage upon her separate property to secure her husband's debts was the general attorney for the husband, but had no interest whatever in the transaction, does not disqualify such notary from taking such privy acknowledgment.

3. **Abandonment of Homestead.**—See facts held sufficient to prove an abandonment of the homestead rights in property mortgaged by the parties asserting homestead rights therein.

ERROR from Wilbarger. Tried below before Hon. P. M. Stine.

The opinion contains a statement.

*W. B. Plemons, F. C. Beckett,* and *F. P. McGhee,* for plaintiffs in error. — 1. Article 2257 is plain and furnishes the only rule as to production and introduction of copies of deeds. 1 Greenl. Ev., sec. 559, *et seq.,* and notes.

2. Unless the acknowledgment is properly taken the mortgage is null as to Mrs. A. M. Kutch; and H. B. Kutch's attorney, viz., W. L. Gordon, is H. B. Kutch's *alter ego,* and H. B. was in a fair way to lay himself liable to prosecution if the mortgage was not executed as promised by him. Mrs. Kutch was not legally free to act as she chose. Brown v. Moore, 38 Texas, 645; Sample v. Irwin, 45 Texas, 567; Stevens v. Hampton, 46 Mo., 406.

3. To constitute abandonment of homestead, absence from such homestead alone is not sufficient to deprive the premises of its homestead character. The removal therefrom must be with the intent of never again returning to such home; and one may go away for the purpose of acquiring a livelihood in some other place and vocation, such as taking his stock to better water and grass, without subjecting the home shelter of his family to the claims of creditors, provided in the meantime he acquire no other homestead. And the mere being on school land without purchase from the State, or railroad land, as the Groesbeck place turns out to be, without contract of purchase, and the keeping of stage stand thereon,

will not open the way for turning wife and children out of doors to satisfy a mortgage procured, as the one in question has been done, on separate property of the wife and the homestead for herself and family. Sanders v. Sheran, 66 Texas, 655; Bowman v. Watson, 66 Texas, 295; Foreman v. Meroney, 62 Texas, 723; Shepherd v. Cassiday, 20 Texas, 25; Reeves v. Petty, 44 Texas, 249.

*J. P. Orr* and *Chas. R. Wheeler,* for defendant in error. — 1. Secondary evidence of the contents of a writing is admissible when the paper is in the hands of the opposite party and notice to produce has been given. Sayles' Civ. Stats., Rule 10; ·1 Greenl. on Ev., secs. 559, 560 (note 1), 562, 563, 573.

As to collateral facts. 1 Greenl. on Ev., secs. 52, 53, 53*a,* 448, *et seq.*

As to filing papers. 1 Greenl. on Ev., secs. 91 (note 6), 484, 485, 560, 561, 562, 563.

2. The fact of one being the general attorney for a party does not disqualify him from acting as a notary public in taking the party's acknowledgment to an instrument, unless he (the attorney) has some actual interest in the subject matter itself; nor does it disqualify the attorney who is also a notary public from taking the employer's wife's acknowledgment, so long as the attorney only represents the parties as attorney, and not as agent or trustee, and is not interested in the subject matter. Brown v. Moore, 38 Texas, 646; Sample v. Irwin, 45 Texas, 567.

3. The destination and abandonment of a homestead is a question of fact and intent, to be determined from the acts and words of the parties, and not alone from their mere statements, even under the sanctity of an oath while on the witness stand, when financially interested in such statements. The wife's homestead follows that of her husband.

Destination of homestead. Holliman v. Smith, 39 Texas, 357; Railway v. Winter, 44 Texas, 597; Mabry v. Harrison, 44 Texas, 286; Moreland v. Barnhart, 44 Texas, 275; Jacobs, Bernheim & Co. v. Hawkins, 63 Texas, 1.

As to abandonment. Cox v. Shropshire, 25 Texas, 113; Woolfolk v. Ricketts, 48 Texas, 28; Lee v. Kingsbury, 13 Texas, 68; Slaven v. Wheeler, 61 Texas, 654.

As to lien. Jordan v. Peak, 38 Texas, 429; Stewart v. Mackey, 16 Texas, 56; Nichols v. Gordon, 25 Texas Supp., 109; Heidenheimer v. Stewart, 65 Texas, 321.

As to fraud. Darst & Jones v. Trammell, 27 Texas, 129.

4. The wife may legally encumber her separate property in favor of her husband's creditors, provided her acknowledgment is taken as the law directs. Hollis v. Francois & Border, 5 Texas, 195; Rhodes v. Gibbs, 39 Texas, 432; Phelps v. Brackett, 24 Texas, 236; Menard v. Sydnor, 29 Texas, 257; Lee v. Kingsbury, 13 Texas, 68.

HOBBY, JUDGE.—If, as contended by plaintiffs in error under their first assignment, the court erred in admitting over their objections the certified copy of the deed from Williams & Kirkland to Mrs. A. M. Kutch, because it had not been filed three days before the trial and notice given thereof, etc., we do not see how such error could have in any degree injuriously affected their rights. They themselves testified to the execution of such deed by Williams & Kirkland to Mrs. A. M. Kutch, conveying the property on Groesbeck Creek in Hardeman County on which they were living in the spring of 1884. Mrs. Kutch testified that she conveyed the land subsequently to Mrs. Stephens, and delivered the Williams & Kirkland deed to her. This deed proved nothing more than the fact fully testified to by plaintiffs in error that they owned that property in 1884.

There was no dispute whatever as to the title to this property being in Mrs. Kutch. The only question was whether the property in Vernon, Wilbarger County, and on which the mortgage was executed, was at that time abandoned by plaintiffs in error as a homestead, if it had ever been their homestead.

If the fact of Mrs. Kutch's title to the property in Hardeman County from Williams & Kirkland contributed in any degree to the establishment of this issue, that fact was established by her own and her husband's evidence, and was not in issue.

That "the court erred in holding that W. S. Gordon, while acting in the capacity of attorney for H. B. Kutch, was competent as a notary to take the separate acknowledgment of Mrs. Kutch to the mortgage" is made the basis of the sixth assignment. This was error, it is claimed, "because the interest of H. B. Kutch was inimical to that of A. M. Kutch," and Sample v. Irwin, 45 Texas, 573, is cited as authority in support of this assignment of error.

The facts developed upon this point were that the notary who took the acknowledgment and certified thereto had been for one or two years the general attorney for H. B. Kutch, and that he was his attorney and adviser at the time the notes were drawn up and the mortgage executed. That when the parties came to his office to acknowledge the mortgage he suggested some alterations and corrections, which were made, and then took the acknowledgment of both Kutch and his wife.

In Sample v. Irwin, 45 Texas, 573, it was held, substantially, that one who identifies himself with a transaction evidenced by a written instrument by placing his name on the face thereof as agent for one of the parties thereto is not competent as a notary public to take the acknowledgment of any of the parties. If the fact of agency raises a presumption of pecuniary interest in the instrument it would, under the authority of the cases cited in Sample v. Irwin, disqualify the agent from acting as notary. But whether such be the presumption or not, it is certainly so when he identifies himself with the transaction by inserting his name on the face

of the instrument as the agent of one of the parties. Such, however, are not the facts in the case under discussion. There are no facts which authorize the court to hold the officer incompetent to take the acknowledgment for the reason assigned, because there was nothing in the evidence indicating that he had any interest in or under the mortgage; nor does it appear that he identified himself with the transaction by the insertion of his name on the face of the same as the agent or attorney for either party.

The fourth assignment is that " the court erred in holding that at the time of the execution of the mortgage appellants had abandoned the property as a homestead, because the evidence shows that this was their only home, and that they expected to return to it when opportunity offered."

It is apparent from this assignment that unless we can say that the testimony was insufficient to support the conclusion of the court upon this issue, the judgment must be sustained, under the well established rule that it is a question of fact.

It appears from the statement of facts in the record that H. B. Kutch, who had used some of his wife's money, bought the mortgaged property in Vernon in the spring of 1883, and had the deed made to his wife, Mrs. A. M. Kutch. They occupied this property from that time until the fall of 1883, about six months, when they moved to Hardeman County and occupied the place on Groesbeck Creek. This property they purchased from Williams & Kirkland, the deed from them also being in the name of Mrs. Kutch. After buying this property they built a house on it which cost about $500, and occupied it, keeping a stage stand and store for about three years. H. B. Kutch voted in Hardeman County. The Vernon property, it is agreed, was not worth $500. The goods purchased from Holley were put in the store on the Groesbeck property. Plaintiffs in error lived on this place in the spring of 1884, when the goods were purchased from and mortgage executed to Holley conveying the Vernon property.

Plaintiff in error H. B. Kutch claimed at the time that the property in Hardeman County was their homestead. Wm. Holley testified that he desired a mortgage on that property rather than the Vernon place, but Kutch said it was their homestead, and it could not be mortgaged. This is denied by Kutch. No claim was asserted at this time by plaintiffs in error to the Vernon property as a homestead. Nor did Mrs. Kutch assert such claim when they went to Vernon to sign the notes and execute the mortgage. They occupied the Hardeman place from the fall of 1883 until some time in the year 1886, when they moved to Floyd County to obtain better grass for stock, lived there a short time, and moved to Hale County, 150 miles west of Vernon, where they now reside. They sold the Hardeman property to Mrs. Stephens on leaving it, and also the remnant of the goods purchased from Holley. Plaintiffs in error testified that they did

not intend to abandon the Vernon property as a homestead when they moved from it in 1883, and intended to return when a favorable opportunity offered, and that they had acquired no other homestead. They testified that plaintiff in error Mrs. Kutch objected to executing a mortgage on the Vernon property at the time when the price was first agreed upon for the goods, as she might wish to return to it, but that Holley said it was a mere formality, and it would not be foreclosed. This he denied.

Such are substantially the facts upon the issue of whether the Vernon property was the homestead of plaintiffs in error, and if so was it abandoned at the time of the execution of the mortgage.

It is evident from the foregoing that the Vernon property has not been occupied or used as a homestead by plaintiffs in error from the fall of 1883 up to the institution of this suit on 28th May, 1888, about four and a half years. It was never occupied as such for more than six months. The Groesbeck property, which was more valuable, was occupied for about three years by them. After leaving this place, instead of returning to the Vernon property, they removed still further west. From the time of the removal of plaintiffs in error from the Vernon place up to the time of the trial no act was shown indicating a purpose to return to it, or that they claimed it as their homestead. It is only shown by their testimony that they said they did not intend to abandon it when they left it in the fall of 1883 to occupy the place in Hardeman County which was conveyed to Mrs. Kutch by Williams & Kirkland. In opposition to this testimony we have the evidence of Holley to the effect that the husband, H. B. Kutch, declared at the time of the execution of the mortgage that the Hardeman property, on which they then resided, was their homestead, and that no claim was asserted by either to the mortgaged premises. In addition to this, there is the fact that plaintiffs in error left the property unoccupied for more than three years, and the husband became a citizen in and voter of Hardeman County.

We can not say that this testimony was insufficient to support the judgment of the court below.

It is well settled in this State that the wife can, by mortgage executed by herself and her husband and acknowledged as prescribed by the statute, encumber her separate property for the prior debts of her husband. Hall v. Dotson, 55 Texas, 521.

There is no error in the record which would authorize a reversal of the judgment, and we think it should be affirmed.

*Affirmed.*

Adopted May 6, 1890.