**CORY et al. v. GROVES BARNES LUMBER CO. et al.**

No. 10632.

Court of Civil Appeals of Texas. Dallas.

Oct. 18, 1930.

J. Hart Willis and J. W. Madden, Jr., both of Dallas, for appellants.

George Sergeant, of Dallas, for appellees.

JONES, C. J.

Appellants, A. D. Cory and Helen M. Cory, are husband and wife, and are the owners of six adjoining lots in the South Cliff addition to the city of Dallas. At the time of the transactions under inquiry, appellants were living upon said property and using all of said lots as a part of their homestead; there being only one house situated on the land. Appellants desired to build six houses on said property, and entered into mechanic's lien contracts with Groves Barnes Lumber Company, a corporation, for such purpose. There were six of these mechanic's lien contracts, a separate one on each lot, and six mechanic's lien notes were executed, one for each lot. There were executed also six deeds of trust; each deed of trust covering the mechanic's lien on one lot. The aggregated amount of these mechanic's lien notes was $15,500, and all instruments in reference to said contracts and property were executed on July 27, 1927. A suit was instituted by appellants against appellees and the trustee named in each deed of trust, praying for a cancellation of the deeds of trust and the materialman's liens, and to enjoin the trustees from exercising the power of sale contained in each deed of trust. There was also a prayer to remove the cloud cast upon their title by virtue of the purported execution of these instruments. Upon a final hearing, appellants were denied all of the relief prayed for, and they have prosecuted their appeal to this court.

Appellants' petition fully and clearly sets out the grounds on which they base their claim for relief. These grounds may be thus summarized:

(1) That the entire property was homestead property at the time the mechanic's lien contracts and deeds of trust were executed, and, while the certificate of the notary duly certified that he had taken the acknowledgment of Mrs. Cory to each of the instruments, in truth and in fact she had never appeared before the notary and had never given her acknowledgment to any of said instruments, for which reason no lien was created against the property.

(2) That, in any event, the certificate of acknowledgment is void, and the contract ineffective to fix a lien on the homestead, because W. C. Smith, the notary who purported to take Mrs. Cory's acknowledgment, was disqualified to act in such capacity, for the reason that he was an employee of appellee company, and because he had an interest in the subject-matter of litigation.

(3) That the mechanic's lien contracts and deeds of trust purporting to fix a lien on the homestead of appellants were ineffectual for such purpose, for the reason that, prior to the execution of the mechanic's lien contracts, appellee lumber company had delivered a portion of the material used in the construction of the houses on the lots.

The allegations in the petition, setting up these respective grounds, were duly verified. Appellee filed only a general demurrer and a general denial. The case was tried to the court without a jury and resulted in a judgment in favor of appellees, denying the relief sought. The evidence offered by appellants is in sharp conflict with the evidence offered by appellees, in respect to the allegations of appellants setting up their respective grounds of relief, except as to that affecting the qualification of the notary, W. E. Smith. The evidence on the latter issue is undisputed.

Appellants testified positively that Mrs. Cory did not appear before the notary and give her acknowledgment to the several mechanic's lien contracts and the several deeds of trust. Their evidence in this respect is corroborated by the evidence of another witness. Smith, the notary, testified positively that Mrs. Cory did appear before him, and that his certificate to the various instruments recited the truth in respect to her acknowledgment. In this he is corroborated by other testimony. Appellants also testified positively that some material was delivered on the ground previous to the purported execution of the instruments. In this they are again corroborated by other evidence. Appellees' evidence is just as positive that no material

for the contemplated buildings left the lumber yard until all the instruments had been duly executed and acknowledged.

The undisputed evidence shows that Smith, the notary who took the acknowledgments to the various instruments, was at the time an employee, on a salary, of appellee lumber company; that his position was that of bookkeeper and credit man; that he owned no stock in the lumber company and occupied no relation to it other than that of an employee working on a salary, and had no authority other than that incident to such employment.

■ The evidence as to the first and third grounds of relief alleged by appellant is in such dispute that this court, under the rules of law controlling its action on the findings of a jury or court on disputed issues of fact, must sustain the findings of the trial court. Ragland v. Wisrock, 61 Tex. 391; Texas Drug Co. v. Cadwell (Tex. Civ. App.) 237 S. W. 968; Weil v. Miller (Tex. Civ. App.) 215 S. W. 142; Stark v. Staffen (Tex. Civ. App.) 208 S. W. 695.

■■ The second issue as to the qualification of the notary to take the acknowledgment of Mrs. Cory, being presented on undisputed evidence, becomes purely a question of law. The issue may be thus stated: Is an employee of a corporation, whose duties are those of bookkeeper and credit man, and who is neither agent nor attorney for the corporation, and who is shown to have no pecuniary interest whatever in the transaction, qualified to take an acknowledgment to a mechanic's lien and a deed of trust, executed in favor of his employer? We are of the opinion that this question was decided adversely to appellants by this court in the case of Creosoted, etc., Co. v. McKay (Tex. Civ. App.) 241 S. W. 549, in an opinion by Mr. Justice Vaughan. A writ of error was refused, and we refer to that opinion and the reasoning of Judge Vaughan, given at length, as the reason for our holding in the instant case, that the notary in question was qualified to take Mrs. Cory's acknowledgment. A similar decision was rendered by the Beaumont court in the case of Gordon-Sewall & Co. v. Walker (Tex. Civ. App.) 258 S. W. 233. In the latter case, the application for writ of error was dismissed for want of jurisdiction. The assignment of error in reference to this issue is overruled.

Finding no reversible error, it is our opinion that the judgment of the lower court should be affirmed, and it is so ordered.

Affirmed.