## COLTHARP et ux. v. DICKENS NAT. FARM LOAN ASS'N.

### No. 3920.

Court of Civil Appeals of Texas. Amarillo.
Nov. 23, 1932.

Rehearing Denied Jan. 25, 1933.

262

James A. Stephens, of Benjamin, for appellant.

W. D. Wilson, of Spur, for appellee.

HALL, C. J.

This is a suit in trespass to try title instituted by appellee against appellants to recover a quarter section of land in Dickens county and described in the petition, and by a second count it sought to foreclose certain liens if denied a recovery of the land in fee.

The appellants pleaded not guilty, and certain special matters not necessary to be mentioned here.

Upon the trial the appellee introduced a complete chain of title from the agreed common source down to itself. After both parties had closed in the introduction of evidence, the court directed the jury to find for appellee under the first count in the petition, and, based upon the verdict, rendered judgment for appellee for the title and possession of the land sued for.

It appears that the land had been sold by the trustee named in a deed of trust, and the trustee's deed had been acknowledged before a notary public by the name of Reed.

The main contention made here is that the court erred in admitting the trustee's deed conveying the land to appellee because the deed had been acknowledged before a party who was interested in the transaction.

The two propositions are mere abstractions and do not complain of any error committed in any case by any court; but since the errors assigned are more definite, we have decided to consider them.

The second assignment of error challenges the action of the court in directing a verdict for the appellee.

James B. Reed, the notary who took the acknowledgment of the trustee, testified: That in October when he took the acknowledgment he was working for the appellee upon a monthly salary, and as an employee had charge of the collections; that his compensation depended upon the amount of the business done, and that the Federal Land Bank, which is not connected with this suit, compensated him for his services; that he was just a hired hand of the Federal Land Bank and owned no interest at all; that as secretary he got one-fourth of the dividends paid by the Federal Land Bank; that the local board had nothing to do with the matter of his salary; that he was secretary and treasurer of the appellee association at the time the instrument was acknowledged; that at the time he took the acknowledgment he was not a stockholder in either the Federal Land Bank or the Dickens National Farm Loan Association, nor was he a director and had no pecuniary interest in the appellee association; that he was merely an employee and had no pecuniary interest whatever in the transaction evidenced by the deed; that the validity or invalidity of the deed meant no commissions to him or any pecuniary interest either way; that he had no interest at the time of the transaction and has had none since; that his compensation consisted in part of transfer fees and loan fees; that he did not get any fees or anything from the transaction involved in this suit, nor was it understood that he should get anything.

This evidence does not show that he was disqualified to take the acknowledgment of the trustee, nor does it raise any fact issue to be submitted to the jury, and the court did not err in directing a verdict in favor of the appellee. Cory v. Groves Barnes Lumber Co. (Tex. Civ. App.) 32 S.W.(2d) 492; Gordon-Sewall & Co. v. Walker (Tex. Civ. App.) 258 S. W. 233; Creosoted W. B. P. Co. v. McKay (Tex. Civ. App.) 241 S. W. 549; Belcher Land Mortgage Co. v. Taylor (Tex. Com. App.) 212 S. W. 647; Stoker v. Fugitt (Tex. Civ. App.) 102 S. W. 743; Kutch v. Holley, 77 Tex. 220, 14 S. W. 32; Roane v. Murphy (Tex. Civ. App.) 96 S. W. 782.

The judgment is affirmed.