THOMASON et al. v. PACIFIC MUT. LIFE
INS. CO. OF CALIFORNIA.
No. 3033.

Court of Civil Appeals of Texas.   El Paso.
July 5, 1934.

Rehearing Denied July 30, 1934.

W. R. Fly, of Dallas, for appellants.

Marshall Thomas and Thompson, Knight, Baker & Harris, all of Dallas, for appellee.

HIGGINS, Justice.

The Pacific Mutual Life Insurance Company of California brought this suit against Geo. W. Thomason and wife, Betty Thomason, to recover a lot in the city of University Park in Dallas county, and for damages.

Upon trial without a jury the plaintiff recovered the property and rents in the sum of $275, from which the defendants appeal.

On March 2, 1927, G. L. Crofford, Sr., purchased for $2,000 the lot in controversy from the University Park Development Company as a gift to his son, Geo. L. Crofford, Jr., for a home. In consummation of such gift Crofford, Sr., caused the seller to convey the lot to Crofford, Jr.

On March 7, 1927, Crofford, Jr., and wife in due form granted to J. B. Watson a contractor's and materialman's lien upon the lot to secure the payment of a note for $7,500 given to pay for the erection of a residence upon the lot.

By deed dated June 9, 1927, Crofford, Jr., and wife conveyed the lot to Geo. I. Cochran and Lee A. Phillips, in trust to secure the payment of a $7,500 note of Crofford, Jr., and wife, in favor of the plaintiff.

This transaction was a refinancing of the note and lien in favor of Watson; the said Watson note having been transferred to the plaintiff. The deed of trust contained the usual provisions subrogating the plaintiff to the Watson contractor's and materialman's lien.

By deed dated April 27, 1929, Crofford, Jr., and wife conveyed the lot to Geo. W. Thomason for the consideration of $6,000. The deed recites the conveyance was subject to the note mentioned. Default was made in the payment of the note. Cochran and Phillips refused to act further as trustees and declined to sell the lot, whereupon the Insurance Company, in writing, appointed Marshall Thomas as substitute trustee and requested him to sell under the power of sale conferred by the deed of trust. After notice the trustee on December 6, 1932, sold the lot at public sale; the Insurance Company being the purchaser and to whom the trustee executed a deed.

The suit was filed December 9, 1932. On the same date writ of sequestration issued. On December 17, 1932, the property was replevied by Geo. W. Thomason. The replevy bond was executed by Geo. W. Thomason, as principal, with Y. L., J. A. and B. H. Thomason, as the sureties named in the face of the bond. Thomason Oil Company, a firm composed of G. W. and Y. L. Thomason, also signed the bond as surety.

## Opinion.

The appellants' theory is that because Crofford, Sr., paid the consideration for the conveyance of the lot to Crofford, Jr., by the Development Company a resulting trust in favor of Crofford, Sr., was created and that this superior equitable title passed to Geo. W. Thomason because in purchasing the lot Thomason dealt with and paid Crofford, Sr., who represented that he was the owner and that Crofford, Jr., held the title in trust for Crofford, Sr. As we understand appellants' theory, it is that Thomason thus became an innocent purchaser for value of the superior equitable title of Crofford, Sr.

And in this connection appellants further contend that under the statute of frauds parol evidence was inadmissible to rebut the presumption of a resulting trust in favor of Crofford, Sr., arising out of the payment by the latter of the consideration for the lot.

Both of the Croffords testified the property was bought by Crofford, Sr., as a gift to Crofford, Jr., upon which the latter was to establish a home. Under such circumstances no resulting trust was created and parol evidence was admissible to so show. 3 Pomeroy's Eq. Jur. (3d Ed.) § 1040; Atwell v. Watkins, 13 Tex. Civ. App. 668, 36 S. W. 103.

The testimony of the Croffords that the conveyance was intended as a gift to Crofford,

Jr., was undisputed, and the court properly found that the legal and equitable title to the property vested in Crofford, Jr.

Crofford, Sr., having no character of title, it follows that all theories must fail which are predicated upon the assumption of a resulting trust in favor of Crofford, Sr.

█ The deed of trust authorized the sale of the land for cash in hand or on credit and application of the proceeds, first, to the payment of the expenses of executing the trust, and, second, to the payment of said note.

At the trustee's sale the land was sold to the plaintiff upon its bid of $3,000. This sum was not actually paid in cash, but was applied as a credit upon the note.

The point is made that the failure to require payment of the bid in cash invalidates the trustee's sale.

The credit upon the note was equivalent to receiving cash. 41 C. J. p. 977, § 1427.

It would have been an idle ceremony for the trustee to have required the plaintiff to actually pay its bid in cash which would be immediately returned by the trustee to plaintiff. Blum v. Rogers, 71 Tex. 668, 9 S. W. 595; Needham v. Cooney (Tex. Civ. App.) 173 S. W. 979.

█ The instrument appointing the substitute trustee was executed by the plaintiff acting through Rich J. Mier, vice president, and attested by an assistant secretary, and the corporate seal affixed.

Under such circumstances it is presumed the appointment was the duly authorized act of the corporation. Browne v. Investors' Syndicate (Tex. Civ. App.) 60 S.W.(2d) 1047; Compton v. Republic B. & L. Ass'n (Tex. Civ. App.) 67 S.W.(2d) 1095; Ballard v. Carmichael, 83 Tex. 355, 18 S. W. 734; Texas Auto Co. v. Arbetter (Tex. Civ. App.) 1 S.W.(2d) 334; Brooks v. Zorn (Tex. Civ. App.) 24 S.W. (2d) 742.

The deed of trust provides: "It is hereby agreed by the parties hereto that, in any deed or deeds given by the trustees, or either of them, or any substitute trustee, hereunder, any and all statements of fact or other recitals therein made as to the non-payment of the money secured, or as to notice of the time, place and terms of sale of the property to be sold being duly published, as to any other preliminary act or thing having been done by said Trustees, or either of them, or substitute trustee, or as to the existence of the facts authorizing the appointment of a substitute trustee, and of his due appointment, shall be taken by any and all courts of law and equity as prima facie evidence that said statements do state facts, and without further question shall be accepted as such."

█ The trustee's deed recites advertisement of the sale "by posting three written notices of said proposed sale in three public places in Dallas County, Texas, one of which notices was posted at the court house door in said City and County of Dallas, and all of said notices having been posted for three successive weeks next before the date of said sale."

The court found that written notices of sale were "posted at three public places in Dallas County, Texas, one of which notices was posted at the Court House door, one posted at the fire station of the Town of Highland Park, and another posted at the fire station of the Town of University Park, all three places being public places in the County of Dallas, Texas."

The substitute trustee, Thomas, testified one notice was posted at the courthouse door, one at the fire station in Highland Park, and one at the fire station in University Park.

In Phipps v. Fuqua (Tex. Civ. App.) 32 S. W.(2d) 660, it was held that the posting of two of the required notices of a trustee's sale at two public places within the city limits of the city of Hereford was not in compliance with article 3810, Rev. St., and a sale made by virtue of such posting was void. A like ruling was made by the same court in Holmes v. Klein (Tex. Civ. App.) 59 S.W.(2d) 171.

It is urged the posting in the present case was insufficient under the holdings in the cases mentioned.

To so hold we would have to assume that the towns of Highland Park and University Park are within the city limits of Dallas. We judicially know that Dallas is an incorporated city and judicially know its boundaries. Acts 30th Leg. (1907) Loc. & Sp. Laws, c. 71; Acts 31st Leg. (1909) Loc. & Sp. Laws, c. 93, Acts 32d Leg. (1911) Loc. & Sp. First Called Sess. c. 5, article 1174, Rev. St.

But we cannot judicially know that Highland Park and University Park are incorporated. 17 Tex. Jur. title Evidence, § 16. The record indicates, and it was evidently so assumed by the trial court, that they are separate towns and not a part of the city of Dallas though evidently in close proximity thereto. Their names imply the towns are separate and apart from the municipality of Dallas. In the state of the evidence this court would not be warranted in assuming that the posting of the notices in Highland Park and

University Park invalidated the trustee's sale under the rule announced in the two cases mentioned.

■ It is also objected the sale by the trustee was invalid because no memorandum in writing was made at the time as required by the statute of frauds (Rev. St. 1925, art. 3995). This is a matter of no importance in view of the fact that the sale was later fully consummated by deed executed and delivered by the trustee.

■ The petition is in the statutory form of the action in trespass to try title and for damages. It is not subject to general demurrer as is stated in the twelfth assignment. The coverture of Mrs. Thomason does not affect this question.

■ Judgment was rendered against the defendants G. W. Thomason and wife, Betty Thomason, and the sureties upon the replevy bond for $237.50, the rental value of the property from the date the suit was filed to the date of judgment. Error is assigned to the judgment for this sum against Mrs. Thomason.

She was not a party to the replevy bond and upon no possible theory can she be held liable on such bond.

Appellee refers to cases holding married women liable in damages for torts committed by them without coercion upon the part of their husbands. Crawford v. Doggett, 82 Tex. 139, 17 S. W. 929, 27 Am. St. Rep. 859.

Upon this principle it has been held that a married woman is liable in damages for the rents of realty, the right to the possession of which she personally asserted and maintained. Dendinger v. Martin (Tex. Civ. App.) 221 S. W. 1095.

■ But under the present facts Mrs. Thomason cannot justly be held personally liable for rents upon the theory that she is an active tort-feasor in wrongfully withholding possession of the lot from the plaintiff.

The land was conveyed by Crofford, Jr., to Geo. W. Thomason, the husband. It was community property and subject to his management and control. Apparently it was the homestead of the Thomasons though the evidence as to this is not clear. Whether it was or was not the homestead the husband was the active tort-feasor in wrongfully withholding possession from plaintiff. The participation of the wife was passive, and in accordance with the rule of law which gives the husband the right to manage and control the community property of the spouses and to select the homestead.

Under the present facts Mrs. Thomason cannot be held liable for rents upon the theory that she was guilty of a tort in withholding the possession of the lot from the plaintiff.

■■ The fourteenth assignment asserts the deed of trust was invalid because the notary taking the acknowledgments of Crofford, Jr., and wife, was disqualified and the deed of trust therefor invalid. This is overruled for the following reasons:

1. The evidence does not show the notary to have been disqualified. 1 Tex. Jur. p. 446, § 37; Kutch v. Holley, 77 Tex. 220, 14 S. W. 32; Coltharp v. Dickens Nat. Farm Loan Ass'n (Tex. Civ. App.) 56 S.W.(2d) 261; Sethman v. Liberty National Bank (Tex. Civ. App.) 55 S.W.(2d) 644.

2. The deed of trust was a renewal and extension of the note in favor of Watson, the contractor, which note was secured by valid contractor's and materialman's lien upon the lot. Under these circumstances Crofford, Jr., had the right to execute the note and deed of trust without the joinder of his wife. Speer Marital Rights, § 483; Power v. Westhoff (Tex. Civ. App.) 4 S.W.(2d) 274.

■ An acknowledgment by Crofford was not essential to the validity of the deed of trust. Mondragon v. Mondragon, 113 Tex. 404, 257 S. W. 215; First State Bank v. Stubbs (Tex. Civ. App.) 48 S.W.(2d) 446; Hill v. McIntyre Drilling Co. (Tex. Civ. App.) 59 S.W.(2d) 193.

■ The fifteenth assignment asserts the lien in favor of Watson, the deed of trust lien and the gift of the lot by Crofford, Sr., to Crofford, Jr., were founded in fraud.

There is nothing in the evidence to support any such charge.

The sixteenth assignment charges that the "trial court erred in all and in each of its findings of fact and conclusions of law in this case."

Waiving the generality of this assignment it is overruled. The evidence supports the court's findings and the legal conclusions drawn by the court are correct.

Various assignments complain of rulings upon evidence. They are regarded as without merit and as calling for no discussion.

■ While the trial was in progress defendants filed what they designate as an additional answer. Upon motion this was stricken. This action of the court presents no error for the so-called additional answer was filed without leave. In any event, no harm resulted, for all of the matters pleaded

in such answer were available to the defendants under their plea of not guilty contained in their original answer.

The judgment will be corrected by eliminating the personal judgment for $237.50 against Mrs. Betty Thomason. As thus corrected the judgment is affirmed.

Corrected and affirmed.