**TILLEY et al. v. KANGERGA et al.**

No. 1607.

Court of Civil Appeals of Texas. Waco.

May 9, 1935.

Rehearing Denied June 6, 1935.

Jerome P. Kearby, of Tyler, Stone & Cooper, of Henderson, and Massingill & Belew, of Fort Worth, for plaintiffs in error.

Brachfield & Wolfe, of Henderson, Cary M. Abney, of Marshall, Futch & Weldon, of Henderson, and Ramey, Calhoun & Marsh, of Tyler, for defendants in error.

GALLAGHER, Chief Justice.

Susan Lee Tilley, joined by her husband, Young Tilley, and her six children by her deceased husband, George Lee, with their respective husbands and wives, all plaintiffs in error herein, were plaintiffs in the court below, and M. Kangerga, Rade Kangerga, Mid-Kansas Oil & Gas Company, a corporation, and C. C. Graham, defendants in error herein, were defendants in the court below. Said parties will therefore be designated as in the trial court. Plaintiffs' petition contained a count in trespass to try title for the recovery of a certain tract of land containing 96½ acres out of the Peter Tipps survey in Rusk county. Plaintiffs, by special pleas, sought to have various instruments purporting to affect the title to the land sued for and to divest them of any interest therein, declared invalid and of no effect in whole or in part.

Mrs. Susan A. Graham, on December 12, 1908, conveyed the tract of land here sued for to George Lee. Her title to the land at the time of such conveyance is conceded. The sole consideration therefor was a note bearing the same date, executed to her by the grantee, for the sum of $600, with interest from date at the rate of 10 per cent. per annum, and payable in annual installments of $100 each, with accrued interest, beginning October 1, 1909. A vendor's lien to secure the same was expressly retained in the

deed. George Lee entered into immediate possession of said tract of land and occupied the same as a home for himself and his family. He died January 29, 1909, without having paid anything on said note. He was survived by his wife, Susan Lee, and seven children, six of whom, with their respective husbands and wives, are parties plaintiff herein. The seventh child died intestate and unmarried prior to the institution of this suit. George Lee, at the time of his death, had no other property except five head of farm stock. Susan Lee, his surviving wife, with her children, continued to reside upon said land, and she, out of her own funds, paid the interest accruing on said note to January 19, 1914. She, on that date, executed a deed conveying said land to Mrs. Graham. The consideration recited therein was "the cancellation, surrender and return to me of said note in full and complete satisfaction of same." The facts concerning the conveyance of the land by Mrs. Graham to George Lee, the execution of said note to her by him as the entire purchase price thereof, and the ownership at that time of said note by her, were all recited in said deed. Mrs. Graham, on the same day, conveyed the land to Susan Lee for the sole consideration of her note for $600, with 10 per cent. interest from date, payable in installments of $100, with accrued interest, on October 1, 1914, and annually thereafter.

Susan Lee, with her children, continued to reside on the land until November 18, 1916, when she married her present husband, Young Tilley. Shortly after her marriage she and her family left the land and went to live with her husband on a place owned by him in another county. The next year, however, some of her children returned to the land in controversy and continued to work the same. Mrs. Graham, on December 7, 1917, by written instrument, assigned and transferred to M. Kangerga and his brother, Rade Kangerga, the vendor's lien note executed to her for said land by Susan Lee as aforesaid, together with the superior title to said land. The Kangergas were merchants, and both Susan Lee Tilley and her children on the home place traded with them. Susan Lee Tilley thereafter paid to the Kangergas on the principal of said note the sum of $170 and current interest thereon to December, 1919. Nothing was paid on said note thereafter. On December 8, 1920, Susan Lee Tilley and her husband signed an acknowledgment that said note was just and that they renewed and promised to pay the same. Susan Lee Tilley, joined by her said husband, on April 24, 1923, conveyed said land by deed to Modessa Lee, her oldest son, who was then about twenty-three years of age. The consideration recited in said deed was a note for the sum of $700, executed by Modessa Lee and payable to M. Kangerga & Bro., which was the amount of principal and interest due on the original note from Susan Lee to Mrs. Graham, which had been assigned to the Kangergas as aforesaid, and taxes on the land remaining unpaid at the time. Said deed contained the following recital: "It being understood and agreed by us that said M. Kangerga & Bro. owns and holds our certain vendor's lien note, given by Susan Lee and renewed by Susan Lee Tilley and her husband, Young Tilley, said note was made to Mrs. Susan Graham and transferred to Mr. Kangerga & Bro., and the said M. Kangerga & Bro. hereby releasing us from any and all liability on said original vendor's lien note." The deed retained an express vendor's lien to secure the payment of the new note. A certificate in statutory form showing the acknowledgment of said deed by the grantors therein before W. E. Wylie, a notary public of Rusk county, was indorsed on said deed. The validity of said acknowledgment was attacked by plaintiffs on various grounds. The facts on which such attack was based, so far as pertinent to the issues presented in this appeal, will be hereinafter recited.

Modessa Lee, after receiving said deed, rented the land, or a part thereof, to others from year to year. He explained that the house on the land was no longer suitable for occupancy as the reason why he did not return and live on it himself. He executed a renewal of said note on February 14, 1927, and on May 16, 1929, he and his wife executed a deed conveying the land to the Kangergas. On November 5, 1929, the Kangergas executed an oil and gas lease to O. M. Boren, which he shortly thereafter assigned to the defendant Mid-Kansas Oil & Gas Company. Oil was discovered in Rusk county September 5, 1930, and the value of this land was thereby greatly enhanced. This suit was filed December 29, 1931, and shortly thereafter the production and marketing of oil from said land was begun. Other facts

will be recited in connection with the issues of law hereinafter discussed. No issue between plaintiffs and defendant Graham is presented in this appeal and recital of the facts bearing on that phase of the case will be pretermitted.

The case was submitted on special issues, in response to which the jury returned findings in substance as follows:

(1) The deeds from Susan Lee to Susan Graham and from Susan Graham to Susan Lee, dated January 19, 1914, were not executed for the purpose of renewing the vendor's lien then against the land.

(2) The plaintiffs, or one of them, on May 16, 1929, the date of the deed from Modessa Lee to the Kangergas, were indebted to the Kangergas for the purchase price of the land.

(3) The amount of such indebtedness was $700, plus interest from date.

(4) Susan Lee Tilley did appear before W. E. Wylie as a notary public on April 24, 1923, for the purpose of acknowledging the deed from herself and husband to Modessa Lee.

(5) Said Wylie did not fail to explain said deed to Susan Lee Tilley.

(6) Said Wylie did not fail to take the acknowledgment of said Susan Lee Tilley to said deed privily and apart from her husband.

(7) Said Wylie did not fail to ask said Susan Lee Tilley if she had willingly signed the deed for the purposes and consideration therein expressed.

(8) Said Wylie did not fail to ask said Susan Lee Tilley if she wished not to retract her act in signing said deed.

(9) The acknowledgment of said Susan Lee Tilley to said deed was not taken by said Wylie outside the boundaries of Rusk county, Tex.

(10) The cash market value of said land on May 16, 1929, was $5 per acre.

(11) The cash market value of said land on January 19, 1914, was $5 an acre.

The court rendered judgment on the verdict that plaintiffs recover nothing of defendants M. Kangerga, Rade Kangerga, and Mid-Kansas Oil & Gas Company, but that a certain deed executed by certain of the plaintiffs to the defendant C. G. Graham be canceled.

## Opinion.

Plaintiffs contend that the title to an undivided one-half interest in the land in controversy vested, on the death of George Lee, in his seven children, six of whom survive and are parties plaintiff herein; that said children have never been divested of said title; and that they are entitled to recover the same in this suit, subject only to an equitable charge to satisfy the purchase money remaining unpaid, which the jury found to be $700, with accrued interest. They do not deny in this connection that George Lee, the father, had paid nothing on the purchase price of said land, nor that nothing was ever paid out of his estate toward the satisfaction of the same. In support of such contention they claim that the transaction between Susan Lee and Mrs. Graham on January 19, 1914, constituted on its face a mere extension of the vendor's lien note owned by Mrs. Graham, and that the trial court should have so held as a matter of law. They further claim that the deed from their mother, Susan Lee, reconveying the land to Mrs. Graham, was ineffective to divest said children of their interest in the land as heirs of their father. The extension of a community debt by a surviving wife differs from the extension of such a debt by a surviving husband. Such an extension by the husband effects no change in liability for the payment of the debt, for he is already liable, and the effect of extension is merely to arrest until the new date of maturity the running of the statute of limitation. The surviving wife is not, however, personally liable for the payment of community debts, and a new promise by her to pay at a future date would create an initial liability, binding her personally and enforceable not only against the community property but also her individual estate then owned or afterward acquired. Bell v. Pirtle (Tex. Civ. App.) 69 S.W.(2d) 476. Since such an extension would impose such additional burden on the surviving wife, an intention on her part to assume such burden should be affirmatively shown. In this case the purchase-money note given by George Lee was about to become barred. Mrs. Graham was insisting on some adjustment that would protect her rights. Susan Lee had, out of her own money, paid $300 as interest on the purchase-money note and supported her children, her coplaintiffs herein, the oldest of whom was then only fourteen years of age. The property was at that time, according to the finding of the jury, worth only $482.50, and the unpaid purchase-money note was still $600.

Certainly, under such circumstances, no one, because she purchased the land for herself, could properly accuse her of using her position and powers as survivor to the detriment of her children. The transaction between Mrs. Graham and Susan Lee did not on its face purport to be a mere renewal of the original purchase-money debt, and such renewal, as a matter of law, was not shown.

Mrs. Graham, as holder of the unpaid purchase-money note and superior title to the land, was not required to enforce her rights by a judicial foreclosure. She could have rescinded the sale for nonpayment of said note and made an effective conveyance of the land to another without a reconveyance to her. Johnson v. Smith, 115 Tex. 193, 280 S. W. 158, 160, pars. 3 and 4; Barker v. Temple Lumber Co., 120 Tex. 244, 37 S.W.(2d) 721, 722, pars. 2 and 3, and authorities there cited; Rowan v. Barfoot (Tex. Civ. App.) 54 S.W.(2d) 830, 832, pars. 2 to 4, inclusive (writ refused); Davis v. Cox (Tex. Com. App.) 239 S. W. 917, 918, par. 1. The only payments on the purchase-money note in this case were for current interest and made by Susan Lee out of her separate funds. She being unquestionably cognizant of Mrs. Graham's demand for payment of the debt or satisfactory transfer of the obligation, there was no equitable bar to the exercise by Mrs. Graham of her right to rescind the original sale of the land to George Lee.

Our Supreme Court has frequently held that the survivor of the marital union who has qualified as such under the statute may, notwithstanding the existence of minor children of the deceased, dispose of the community homestead for the purpose of paying community debts. Such rule has been applied when the qualified survivor was the wife as well as when such survivor was the husband. Brunson v. Yount-Lee Oil Co., 122 Tex. 237, 56 S.W.(2d) 1073, 1074 (bottom second column); Cordier v. Cage, 44 Tex. 532, par. 2; Johnson v. Taylor, 43 Tex. 121, par. 1; Dawson v. Holt, 44 Tex. 174, pars. 1 and 2. It has been broadly stated that the power to sell community property to pay community debts vests in the survivor, regardless of qualification under the statute. We quote in this connection from Stone v. Jackson, 109 Tex. 385, 210 S. W. 953, 955 (first column) as follows: "It is well settled that all the power to sell property belonging to the community estate, to pay community claims, which may be exercised by the regularly qualified survivor vests in the survivor who fails to qualify under our statutes; for failure to qualify in no wise restricts or limits a survivor's power to apply community assets to the discharge of community debts. Dawson v. Holt, 44 Tex. [174] 178; Sanger Bros. v. Heirs of Moody, 60 Tex. [96] 98; Pierce v. Gibson, 108 Tex. [62] 66, 184 S. W. 502 [1 A. L. R. 1675]." See generally in this connection: Spencer v. Schell, 107 Tex. 44, 173 S. W. 867, par. 1; Ostrom v. Arnold, 24 Tex. Civ. App. 192, 58 S. W. 630 (writ refused); Summerville v. King, 98 Tex. 332, 83 S. W. 680; Ford v. Sims, 93 Tex. 586, 57 S. W. 20; Leatherwood v. Arnold, 66 Tex. 414, 1 S. W. 173; Jennings v. Borton, 44 Tex. Civ. App. 280, 98 S. W. 445; Morris v. Morris, 47 Tex. Civ. App. 244, 105 S. W. 242; Rex Supply Co. v. Shepherd (Tex. Civ. App.) 293 S. W. 342. Plaintiffs, in support of their contention that Susan Lee did not, by her conveyance of the land to Mrs. Graham in satisfaction of the unpaid purchase-money note, divest the children of their interest therein, cite and stress the case of Lovejoy v. Cockrell (Tex. Com. App.) 63 S. W.(2d) 1009. That case is without direct application here. The issue involved therein was whether a sale by the husband's executor of community property to pay community debts passed title to the whole of such property, or only to the half interest of the deceased. The court held that such sale passed the entire title. Such holding was based in part at least on the proposition that the jurisdiction of the probate court having attached, such jurisdiction was exclusive. The court in that connection again stated the long-established rule that where administration upon the estate of the deceased husband is pending, the surviving wife as such has no authority to dispose of community property for the purpose of paying community debts, and cited numerous authorities which fully sustain the same. The rights in said land inherited from George Lee by his children were subject, regardless of homestead claims, to the payment of purchase money far in excess of the value of the same at the time. We see no reason why Susan Lee, as survivor of the community, could not, either verbally or by written transfer, surrender said land to Mrs. Graham in satisfaction and discharge of the purchase-money note which George

Lee had given therefor. Neither do we see any reason why she could not then purchase the land from Mrs. Graham on her own obligation for use as a home for herself and children. Such was the purport of the transaction under consideration and the jury found it was not the purpose merely to renew the vendor's lien. We therefore hold that the plaintiffs herein claiming as heirs of George Lee, deceased, were divested by the proceedings aforesaid of all right to or interest in said land.

■ Plaintiffs contend that the deed from Susan Lee Tilley and husband to Modessa Lee, dated April 24, 1923, was void and ineffective to divest her of the title to said land. In support of such contention they claim that the undisputed testimony shows as a matter of law that W. E. Wylie, the notary who took her acknowledgment to said deed, was the active agent of the Kangergas, and thereby disqualified to take such acknowledgment. The Kangergas at that time held the purchase-money note given for the land by Susan Lee, and an assignment from Mrs. Graham of the vendor's lien and superior title. The testimony showed that Wylie had been employed by the Kangergas as bookkeeper for about twenty-five years; that he, under their direction, participated in carrying on their business as merchants; that they became dissatisfied because Susan Lee Tilley and her husband had ceased to trade with them, had abandoned the place, and no one was occupying or cultivating the same. They instructed Wylie to go to see Susan Lee Tilley and her husband and ask for a deed from them in satisfaction of said note. Wylie testified that he went to see Susan Lee Tilley, and that she suggested that she and her husband deed the land to her son, Modessa, and that he give his note therefor in lieu of her note then held by the Kangergas; that he prepared a deed conveying the land to Modessa and that they signed and acknowledged the same before him in proper form and manner; that he prepared and Modessa executed a note payable to the Kangergas for $700, the amount of purchase money and taxes then unpaid; that he thereupon surrendered the purchase-money note given by Susan Lee to Mrs. Graham and then held by the Kangergas; and that such action was approved by them. The testimony showed without contradiction that Wylie had no personal interest in the business of the Kangergas nor in the transaction just recited. The rule on the issue of law here involved, as announced in 1 C. J. p. 807, § 115, is that where an officer has no personal interest in the transaction evidenced by the instrument acknowledged, he is not ordinarily disqualified to take the acknowledgment thereof because he is at the time the agent of a party beneficially interested therein. The rule so announced is the one recognized and followed by the great weight of authority in this state. Belcher Land Mortgage Co. v. Taylor (Tex. Com. App.) 212 S. W. 647, 650, par. 6; Kutch v. Holley, 77 Tex. 220, 14 S. W. 32, 34; Creosoted Wood Block Paving Co. v. McKay (Tex. Civ. App.) 241 S. W. 549, 550, par. 1 (writ refused), and authorities there cited; Coltharp v. Dickens National Farm Loan Association (Tex. Civ. App.) 56 S.W. (2d) 261, 262; Cory v. Groves Barnes Lumber Co. (Tex. Civ. App.) 32 S.W.(2d) 492, 493, pars. 2 and 3; Gordon-Sewall & Co. v. Walker (Tex. Civ. App.) 258 S. W. 233, 239, par. 11; Stoker v. Fugitt (Tex. Civ. App.) 102 S. W. 743, par. 1; Roane v. Murphy (Tex. Civ. App.) 96 S. W. 782, par. 3. The facts in evidence do not show as a matter of law the disqualification of said notary.

■ Plaintiffs alleged that the notary Wylie, who took the acknowledgment of Susan Lee Tilley and her husband to the deed conveying the land to Modessa Lee, took such acknowledgment without the boundaries of Rusk county, for which county he was appointed and commissioned as such officer. An issue of fact as to whether such acknowledgment was taken in Rusk county or Cherokee county was raised by the testimony. The issue submitted by the court inquired whether such acknowledgment was taken outside the boundaries of Rusk county, to which issue the jury answered, "No." Plaintiffs did not object to the manner in which such issue was submitted, but they did request the court to submit an issue inquiring whether said parties were in Rusk county when such acknowledgment was taken. Plaintiffs, having alleged that such acknowledgment was taken without the boundaries of Rusk county, had the burden of establishing such allegation by a preponderance of the evidence. The court submitted this defense affirmatively and in substantially the same language in which plaintiffs pleaded the same. Ordinarily the submission of an issue in substantially the same form in which it has been pleaded

is held sufficient and a dual submission of such issue not required. Wichita Valley Ry. Co. v. Williams (Tex. Civ. App.) 6 S.W.(2d) 439, 441, par. 3 (writ refused).

The judgment of the trial court is affirmed.