## MULDOON v. J. E. BRAY LAND CO.
### (No. 686.)
#### (Court of Civil Appeals of Texas. Amarillo. Dec. 12, 1914.)

1. CONTINUANCE (§ 37*)—ABSENCE OF PARTY—MOTION—SUFFICIENCY.

A motion for a continuance, verified by counsel for defendant, which alleges the materiality of defendant's testimony, but which states only in general terms that defendant was absent from cause over which he had no control, is properly overruled.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 117–121, 127; Dec. Dig. § 37.*]

2. NEW TRIAL (§ 124*)—MOTION—GROUNDS—ABSENCE OF DEFENDANT AT TRIAL.

Denial of new trial on the ground of defendant's absence, where the motion fails to aver why he did not notify his counsel or the court of his absence, knowing that his case would be called for trial, or to show why he could not have started earlier for the place of trial and be personally present at the trial, is within the discretion of the court.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 250–253; Dec. Dig. § 124.*]

Appeal from Foard County Court; T. W. Staton, Judge.

Action by the J. E. Bray Land Company against Mathew Muldoon. From a judgment denying new trial after verdict for plaintiff, defendant appeals. Affirmed.

See, also, 147 S. W. 701.

Robert Cole, of Crowell, and Jones & Miller, of Amarillo, for appellant. G. W. Walthall, of Crowell, for appellee.

HENDRICKS, J. The appellee, J. E. Bray, recovered of appellant, Mathew Muldoon, a verdict and judgment in the lower court for the sum of $242.50, as a claim for one-half of a commission collected by Muldoon from one Fenton, arising from a land trade; Bray claiming that he was entitled to participate with Muldoon by virtue of a contract to divide commissions when Muldoon furnished a purchaser—Bray furnishing the lands listed on his books for sale or exchange. The cause had been on the county court docket for several terms and stood for trial the 2d day of March, A. D. 1914 (the first Monday in the month), but was not called for trial until Tuesday, the day following, at which time, on account of the absence of the defendant Muldoon, his counsel requested a postponement until the next day, Wednesday, in order to ascertain by telegram the whereabouts of his client and obtain his presence at the trial of the case. This cause had been tried twice previously, resulting in a verdict in favor of the plaintiff at one trial, and in favor of the defendant at another; both of which were set aside by the trial court. At a term previous to the present trial, the defendant Muldoon, who resided in Kansas City, Mo., had obtained an agreed continuance of the case on account of the sickness of his wife, but was in attendance at the two trials mentioned, testifying personally in each.

[1, 2] When this cause was again called, Wednesday, for announcement, defendant's counsel presented a sworn motion for continuance, alleging the materiality of defendant's testimony, but stating only in general terms that defendant was absent from some cause over which the latter had no control, and which motion the court very properly overruled. The verdict of the jury was based upon testimony, and was not purely one of default, and judgment was rendered Wednesday, March 4th, the day the cause was last called. The defendant Muldoon arrived Thursday, March 5th, and on the 13th filed an amended motion for new trial, alleging his residence in Kansas City, Mo., and that his wife was in such condition that she could not be left alone, and in order to attend the trial it was necessary for him to take her to her mother's 200 miles distant from Kansas City, before defendant could then leave for Crowell; and for that purpose he intended to start with his wife to her mother's on the previous Thursday, but on account of her condition the trip was delayed until the following Saturday. There is no allegation why he failed to notify his counsel or the court of his absence, knowing that this case would be called for trial Monday, March 2d. There is a statement that he took his wife 200 miles to her mother, but when he arrived here, and after leaving his wife, why he could not have started earlier for Crowell, for the purpose of personal attendance at the trial, was not shown. It was shown that some time Wednesday, after the trial had begun, defendant's counsel at Crowell received a telegram from him, evidently in response to counsel's telegram; but when sent or from what place is not alleged. There is a space of time from Saturday until this telegram was sent by him to his counsel, which, except for 200 miles of train travel, is not accounted for in the slightest. There is no allegation that he had to stay with his wife, assisting her mother in attendance upon the latter on account of her condition. Justice Gaines said in the cause of Mayer v. Duke, 72 Tex. 449, 10 S. W. 566:

"It may be conceded that the affidavit of Kahn (a defendant in that cause) attached to the motion for a new trial sufficiently showed the materiality and importance of his testi-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

mony, and that his failure to attend was the result of a mistake as to the day which was set down for the trial of the cause. The fact, however, remains that the diligence was not used which the law requires. A party to a suit, whose testimony is material to his cause, may prefer to give his testimony in person, and may therefore decline to have his deposition taken in his own behalf. But if he does so, he takes the risk of losing the benefit of his testimony, in the event he should fail from any cause to attend upon the trial. Having elected to take his chance of attendance upon the trial, his absence should not, in an ordinary case, be permitted to result to the prejudice of the opposite party. It should neither be a ground for a continuance, nor for the granting of a new trial. There is nothing in this case to take it out of the ordinary rule. The facts within the knowledge of Kahn could have been as well presented by deposition as by his oral testimony upon the stand. Besides, the affidavits supporting the motion for a new trial tend very strongly to show that the mistake which caused his absence came about by his negligence in failing to give attention to his counsel, when the latter informed him of the day set down for the trial of his case. At all events, it was the result either of his own negligence or that of his counsel, and the consequence would be the same in either case."

The language of the Supreme Court is quite appropriate in many respects to this cause. There is a failure of allegation here accounting for the absence of the defendant after he left Kansas City and traveled 200 miles to his destination, which suggests considerable neglect on the part of the defendant; at least, the allegations in the motion for new trial, sworn to by defendant, are of such an unsatisfactory nature as that this court is unable to say there is any abuse of discretion on the part of the trial court, and the cause clearly comes within the principle announced by Justice Gaines, applied to rather similar facts disclosed in the case cited.

The judgment is affirmed.

HALL, J., not sitting.