## ROGERS et al. v. AIKMAN.

(Court of Appeals of District of Columbia. Submitted November 23, 1921. Decided January 3, 1922.)

### No. 1454.

Patents ⬡166(2)—Interference count held to read on disclosure, though element was not expressly described.

In interference proceedings, a count for a pneumatic pump, one element of which was an air exhaust valve adapted to be retained and closed by the difference between the pressures in the pump chamber and outside thereof, reads upon the senior applicant's disclosure, which would inform any one skilled in the art that the pressures inside and outside of the chamber were different, and thereby would retain the valve closed, though that was not expressly stated.

Appeal from the Commissioner of Patents.

Interference proceedings between Homer S. Rogers, inventor, John R. Ball, assignee, junior applicant, and Burton S. Aikman, senior applicant. From a decision of the Commissioner of Patents, awarding priority to Aikman, Rogers and Ball appeal. Affirmed.

Frank E. Dennett and E. H. Bottum, both of Milwaukee, Wis., and W. G. Henderson, of Washington, D. C., for appellants.

Chas. A. Brown and John A. Dienner, both of Chicago, Ill., for appellee.

VAN ORSDEL, Associate Justice. This interference relates to an invention of a pneumatic pump, defined in a single count, as follows:

"In a pneumatic pump, the combination with a pump chamber, provided with water inlet and outlet valves and an air exhaust port, of an air exhaust valve adapted to close the exhaust port when water has filled the pump chamber and adapted to be retained closed by the difference between the pressures in the pump chamber and outside thereof, a compressed air valve, a fluid actuated motor for opening the exhaust valve, and means for causing the motor to open the exhaust valve when the water in the pump chamber has been lowered to a predetermined level."

Rogers' application was filed December 1, 1916, on which a patent was granted July 30, 1918. Aikman filed his application September 16, 1915.

It is clear, as found by the tribunals below, that Rogers conceived the invention in May, 1915, but failed to reduce it to practice prior to his filing date. While we are of the opinion that Aikman established a date of conception prior to Rogers' date of May, 1915, we agree with the Commissioner that this is not important, since Rogers has failed to show diligence at the time Aikman constructively reduced to practice by filing his application. On the issue of priority, therefore, the tribunals below are clearly right.

The count in issue is taken from the Rogers patent, and Rogers concedes it will read on the Aikman disclosure, except as to the limitation which calls for:

"An air exhaust valve * * * adapted to be retained closed by the difference between pressures in the pump chamber and outside thereof."

On this point Rogers contends Aikman makes no disclosure of means for holding the air exhaust valve closed by the difference between the pressure in the pump chamber and the air in the exhaust port outside thereof. This contention is disposed of by the Commissioner in a long and able discussion of the operation of the Aikman device, in which he reached the conclusion that—

"The contention on behalf of Rogers that the conclusion thus stated must be founded on conjecture and speculation, because of the failure of Aikman to specifically describe his exhaust valve as held to its seat by the difference in pressure, does not impress me. Aikman's disclosure of the construction and operation of his device is sufficiently clear to enable those skilled in the art to make and use it. It is not fatal to his case that he failed specifically to describe the effect on the operation of his exhaust valve of the difference in pressure within and without his pump chamber, the existence of which difference in pressure is made indisputably clear by what he has described. Those skilled in the art would not need to be told what effect the difference in pressure would have upon the exhaust valve of Aikman, knowing as they would, from the description he has given, that at the particular phase of the operation of his device under discussion a difference of pressure within and without his pump cylinder exists."

We are clearly convinced from a review of the record that Aikman is the prior inventor, and that the count in issue can be read upon his disclosure. Disposing of the case on the merits, the other errors assigned, which relate to the right of Aikman to make the claim, need not be considered.

The decision of the Commissioner of Patents is affirmed.

Affirmed.