## PARIS v. BURKE.

(Court of Appeals of District of Columbia. Submitted May. 8, 1922. Decided June 5, 1922.)

### No. 1483.

**Patents ⬮106(2)—Application of senior party held to entitle him to make claim in interference.**

In interference proceedings relating to a process of producing hydrocarbon oil of low boiling point from hydrocarbon oils of high boiling point, the application of the senior party, disclosing the method of accomplishing the result, *held* to entitle him to make the claims in issue, even though he did not fully understand what took place, and did not describe the process in the same terms as used in the claims.

Appeal from the Commissioner of Patents.

Interference proceeding between Auguste J. Paris, Jr., and Charles R. Burke. From a decision of the Patent Office awarding priority to Burke, Paris appeals. Affirmed.

James H. Griffin and J. R. Nolan, both of New York City, for appellant.

George A. Prevost, of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a decision of the Patent Office in an interference proceeding awarding priority of invention to the senior party Burke. The invention relates to a process of producing hydrocarbon oils of low boiling points from hydrocarbon oils of high boiling points, and is set forth in three counts, of which the first is sufficiently illustrative, as follows:

"1. The process of producing hydrocarbon oils having low boiling points from hydrocarbon oils having high boiling points, which consists in preheating the oil to be treated and subjecting the material so treated in the presence of a vapor to a pressure sufficient to heat and compress the same to the temperature and pressure of conversion."

Paris seasonably challenged Burke's right to make the claims, contending that his application does not disclose the invention. The Law Examiner, in a well-considered opinion, found in favor of Burke, his opinion concluding as follows:

"It is believed that the process disclosed by Burke is a converting process rather than a mere mechanical distillation; assuming that it is a fact that compression of 500 pounds upon a gaseous body, including hydrocarbon vapors, will produce sufficient heat to crack the molecules as it is deemed the specifications of the other contestants allege."

The Examiner of Interferences, Paris having taken testimony, was of the view that Burke's process "is one of distillation and condensation and not of conversion or cracking," and hence found that Burke could not make the claims. The Examiners in Chief, after a careful examination of the two applications, said:

"We cannot escape the conclusion that the Paris and Burke inventions are essentially the same. and that it is immaterial whether they are described in the same or different terminology or whether Burke fully understood just

⬮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

what does take place. It seems to us that he clearly discloses a process which consists in vaporizing a heavier oil, in compressing the vapors of the oil to 500 pounds or more so as to change the character of the oil and give it a different specific gravity, and in then condensing the product. It also seems clear that he permitted the temperature to rise due to compression. * * * It is our view that Paris' description of the process and the apparatus used by him which resulted in his alleged reduction to practice is precisely the apparatus and process of Burke."

The Commissioner, for reasons stated in his opinion, agreed with the Law Examiner and the Board.

An examination of the applications, the evidence in behalf of Paris, and the opinions of the tribunals of the Patent Office, satisfy us that the conclusion reached by the Commissioner is correct, and we therefore affirm the decision.

Affirmed.