### PRESCOTT et al. v. SWAIN.

Court of Appeals of District of Columbia. Submitted November 22, 1927. Decided December 5, 1927.

No. 1994.

Patents ⬯106(2)—Application of patentee of disc wheel with detachable rim held sufficient to entitle him to award of priority over subsequent applicant.

Patentee of automobile wheel having disc bodies and quick detachable rims, and being so constructed that tire might be removed alone, or with rim, or with rim and body as unit, *held* entitled to award of priority as against application for similar wheel, though his application made no specific reference to provision for removal of disc rims from hub.

Appeal from the Commissioner of Patents.

Application for patent of Sydney I. Prescott and Francis A. Rummler, opposed by Joseph G. Swain. Decision of Examiner of Interferences, awarding priority to Swain, was reversed by the Board of Examiners in Chief. The Board's decision was reversed on appeal by the Commissioner of Patents, and applicants appeal. Decision of Commissioner of Patents affirmed.

J. T. Newton and D. P. Wolhaupter, both of Washington, D. C., for appellants.

E. G. Mason and C. L. Sturtevant, both of Washington, D. C., and A. L. Ely, of Akron, Ohio, for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. An appeal in an interference case. The invention relates to automobile wheels having disc bodies and quick detachable rims, and so constructed that the tire may be removed, either alone, or together with the rim as a unit, or together with the rim and body as a unit. It has been held by this court that through this combination a new result in automobile wheels is effected, namely, a wheel possessing in combination certain essential characteristics of three wheels of the prior art. In re Prescott and Rummler, 51 App. D. C. 281, 278 F. 590. The invention is especially designed to facilitate roadside tire adjustments.

The present application of Prescott and Rummler was filed December 12, 1919. Swain was granted a patent December 20, 1921, on an application filed March 15, 1918, and he filed a reissue application May 27, 1922. Swain is accordingly the senior party.

The interference is defined in two counts as follows:

(1) In a wheel equipment standardizing device, the combination, with a hub, of a disc body removably mounted on said hub and having an integral seat for fully supporting a tire rim, and a quick detachable tire rim removably mounted on said seat, whereby a tire may be removed either alone, or with the rim as a unit, or with the rim and body as a unit.

(2) In a wheel equipment standardizing device, the combination, with a hub, of a disc body removably mounted on said hub and having an integral seat, a tire rim mounted on said seat, and means associated with the tire rim to permit the removal of the tire therefrom, whereby a tire may be removed from the rim, or with the rim as a unit, or with the rim and body as a unit.

Neither party has taken testimony in the case, and the junior party relies solely upon the contention that Swain has no right to make the claims, for the reason that the invention in controversy was not disclosed in his specifications or claims, and that he never conceived, completed, nor "statutorily described" the invention.

The Examiner of Interferences awarded

priority to Swain; his decision, however, was reversed by the Board of Examiners in Chief; and the board's decision was reversed upon appeal by the Commissioner of Patents, who also awarded priority to Swain. This appeal followed.

A reading of Swain's specifications dated March 15, 1918, discloses that the demountable and quick detachable rim of the counts is specifically described therein, permitting of the ready removal of the tire alone or the tire jointly with the rim. This leaves in question only the provision for the removal of the disc wheel from the hub. It is true that Swain makes no specific reference or claim to this in his application, nevertheless he shows a disc body attached to the hub by means of bolts and nuts in such a manner as to leave the disc readily removable from the hub, and the function in question is inherent in the disclosure. As said by the Commissioner: "If a wheel were made in the manner disclosed by Swain, it would necessarily infringe, if invented later, or anticipate, if invented earlier, the counts of the issue." We think, therefore, that Swain was entitled to an award of priority. Rogers & Ball v. Aikman, 51 App. D. C. 218, 277 F. 617; Paris v. Burke, 52 App. D. C. 69, 281 F. 429; Ellis v. Shaw, 54 App. D. C. 185, 295 F. 1006.

The decision of the Commissioner of Patents is accordingly affirmed.