242

Hull, Brock & West, of Cleveland, Ohio, for plaintiffs.

Ely & Barrow, of Akron, Ohio, for defendant.

JONES, District Judge.

This is a suit brought under favor of Revised Statutes § 4915 (now section 63 of title 35, U. S. Code [35 USCA § 63]) in which plaintiffs seek favorable action on their application for a patent relating to automobile wheels having disk bodies and quick detachable rims and so constructed that the tire may be removed either alone or together with the rim as a unit or together with the rim and body as a unit.

It is claimed that the plaintiffs have invented an automobile wheel, combining these elements, which facilitate roadside tire changes. Swain disputes the originality of the plaintiffs' device or construction and asserts invention in himself, as evidenced by a prior patent of December 20, 1921, No. 1,-400,837.

These matters were the subject of an interference proceeding in the Patent Office, with appeal to the Court of Appeals of the District of Columbia (57 App. D. C. 306, 22 F.(2d) 1004), in which final priority of invention was awarded to Swain. While this statutory proceeding is neither an appeal from nor review of the prior adjudications of special and expert tribunals for the decision of interference controversies, nevertheless, the conceded weight of authority supports the view that such prior rulings on the subjects are sufficiently controlling in a subsequent suit between the same parties as to be accepted, unless the loser adduces evidence to support a clear conviction that a wrong result was reached. Morgan v. Daniels, 153 U. S. 120, 14 S. Ct. 772, 38 S. Ct. 657; Greenwood et al. v. Dover (C. C. A.) 194 F. 91; Gold et al. v. Gold (C. C. A.) 237 F. 84.

The impression was left with me at the hearing of the case that Swain's patent, No. 1,400,837, of December 20, 1921, disclosed a removable disk wheel in combination with a quick detachable and demountable rim, permitting the removal of the tire jointly with the rim, or alone, and that he was entitled to priority of invention.

If from an examination of the patent claims and drawings the construction claimed is disclosed or is manifestly inherent in the disclosure thus made, and the construction is operative, it is not fatal to invention that such construction is not described in precise terms in the patent. The real issue was whether Swain disclosed a demountable rim; that is, one capable of application or removal with the tire affixed or without detaching the tire from the rim.

At the hearing, the principal stress of the plaintiffs was directed to the contention that Swain's patent did not disclose an operable construction; that is, one capable of having the rim removed with the tire in place. In the opinion of Gruenenfeldt, witness for the complainants, the Swain rim was not demountable with tire attached, under the construction shown in the patent drawing and specifications. The defendant in his own behalf testified that his rim was demountable with allowable clearance between bolts of the wheel body and the holes in the rim flange.

From a consideration of the evidence, I am unable to conclude that the Swain rim is not demountable or operable in construction, with allowable and permissible mechanical adjustments such as bent valve stem, elongated valve stem holes, or added clearance between wheel body bolts and integral rim flange. The issue before those tribunals which have heretofore passed upon these questions appears to have centered on the removability of the disk wheel from the hub in combination with other elements and functions; but, aside from the influence of those prior conclusions on the subject, I think a contrary finding is not adequately supported in the proofs.

A decree may be entered for defendant and the bill dismissed.

### In re ROSE.
### No. 238.

District Court, S. D. Texas, at Brownsville.
March 5, 1930.

Bascom Cox, of Austin, Tex., for bankrupt.

HUTCHESON, District Judge.

I am of the opinion that the record supports the referee's conclusion denying reclamation, and that so much of his order as denies the reclamation claim should be affirmed.

It seems plain to me, however, that that part of his order which disallows proof as a general creditor is erroneous and must be set aside.

The doctrine of election has never been a favorite in equity, and is only applied with favor in cases where the elements of estoppel are present, or where there is such inconsistency in the two claims as that the assertion of both of them amounts to stultification. Parkerson v. Borst (C. C. A.) 264 F. 767. In 9 Ruling Case Law, 957, it is said: "The doctrine of election of remedies is therefore generally regarded as being an application of the law of estoppel upon the theory that a party cannot, in the assertion or prosecution of his rights, occupy inconsistent positions."

In Friederichsen v. Renard, 247 U. S. 207, 38 S. Ct. 450, 452, 62 L. Ed. 1075, the court said: "At Best this doctrine of election of remedies is a harsh, and now largely obsolete rule, the scope of which should not be extended."

Here the petitioner occupies no inconsistent position at all. He was either entitled to the goods or to the money due for the goods. Conceiving that the title had never passed, he had a right to assert that to be the case, and there is no inconsistency at all in his saying, "Well, if I do not own the goods, I am certainly entitled to my money." Any other result would be shocking.

In short, either the bankrupt is not indebted because he does not own the goods or he is indebted because he does. The order of the referee denying the creditor both his goods and the money for them smacks too much of the judgment in Shylock's case, where, because of his rapacity, Shylock lost both his bond and his money. The doctrine of election so harshly though poetically invoked by Portia does not apply to a reclamation claim in a bankruptcy proceeding.

Here there was no inconsistency at all between the remedies. There was merely an effort on the part of the creditor to obtain his goods, if he could, with the right to get his money for them, if he could not. Parkerson v. Borst (C. C. A.) 264 F. 767.

It is evident that the referee has confused petitioner's situation here with that which he would have been in if he had first filed his proof of debt as a simple creditor, thus affirming the passage of the title, and then, in the absence of newly discovered facts, had undertaken to assert the wholly inconsistent position that the title had not in fact passed. Even in that case, which does present some of the typical elements of election, upon a proper showing and by proper reservation he could have protected himself against the doctrine. See In re Kaplan & Myers (C. C. A.) 241 F. 459.

## AMERICAN FRUIT GROWERS, Inc. v. LA ROCHE.

### No. 2021.

District Court, E. D. South Carolina.
July 17, 1928.

Simeon Hyde, Jr., of New York City, for plaintiff.

W. E. Ackerman, of Meggett, S. C., for defendant.

ERNEST F. COCHRAN, District Judge.

The plaintiff brought this action in the state court for a sum less than $3,000. The