TURNER et al. v. ATLANTA NAT. BANK.

No. 4730.

Court of Civil Appeals of Texas. Texarkana.

May 15, 1935.

Rehearing Denied May 23, 1935.

Carney & Carney, of Atlanta, and Owsley & Owsley, of Denton, for plaintiffs in error.

Ben A. Harper, of Tyler, for defendant in error.

HALL, Justice.

On January 3, 1927, J. H. Sharber and wife conveyed 109 acres of land to W. A. Turner for a consideration of $1,400, evidenced by seven vendor's lien notes, the first two of which for $175 each were made payable directly to the Atlanta National Bank, Atlanta, Tex. The other five were payable to Sharber or his order. Sharber and wife and Turner, at the suggestion of the cashier of the Atlanta National Bank, went to the office of Judge H. F. O'Neal in Atlanta, Tex., and had him prepare the deed and notes. Judge O'Neal prepared the deed in the way and manner suggested by Turner and Sharber, and took the acknowledgments of Sharber and his wife thereto. On January 27, 1927, W. A. Turner conveyed this same tract of land back to J. S. Sharber, the consideration in this deed being Sharber's assumption of the payment of the notes held by the bank and the cancellation of the remaining five notes held by him. After Sharber had assumed the payment of the two notes held by the bank, he paid two years' interest on each of them and $50 on the principal. No other payments were made on these notes, and on February 5, 1932, the Atlanta National Bank, appellee, instituted suit against J. H. Sharber and W. A. Turner, appellants, to collect the sum due on said notes and to foreclose the vendor's lien on the 109 acres of land.

The appellant J. H. Sharber answered by general demurrer and general denial, and, further, that the sale of the land by him and his wife to Turner was a simulated transaction, to which the cashier of the bank was a party, entered into for the purpose of making his homestead security for a loan by the bank to him; that the bank knew the land was homestead of Sharber and his wife and that the deed to Turner was void. He also alleged that the deed to Turner was void for the further reason that Judge H. F. O'Neal, who was vice president of the Atlanta National Bank, took his and his wife's acknowledgments thereto. Sharber admitted that he owed the bank the amount of money claimed, but denied that any lien had been fixed against said land.

Appellee by two supplemental petitions excepted both generally and specially to the answer of the appellant Sharber. It also denied all incriminating allegations of appellant Sharber, and pleaded estoppel. The appellant W. A. Turner did not answer.

A trial was had to a jury, and on motion of appellee a verdict was instructed in its favor. The court rendered judgment against appellants for the debt evidenced by the two notes, and foreclosed the vendor's lien on the land in controversy. From this judgment the appellants prosecute their appeal.

Appellants sought first to bring this case to this court by appeal, but later abandoned said method. The case is here now on writ of error.

█ The appellants filed their affidavit with the clerk of the district court of their inability to pay costs of the appeal or to give security therefor. Appellee moves now to dismiss the writ of error because said affidavit was never presented to the county judge and was sworn to before one of the attorneys in the case. We think this motion should be denied. After appellants filed their affidavit in lieu of error bond, it became the duty of appellee, if it desired, to contest same within ten days. This was not done; therefore the statements in said affidavit are presumed to be true. That being the case, this cause is properly before this court on appellants' affidavit. R. S. art. 2266, as amended by Acts 1931, 42d Leg., c. 134, p. 226, § 1 (Vernon's Ann. Civ. St. art. 2266); Helge v. Wood, District Clerk (Tex. Civ. App.) 65 S.W.(2d) 352; Dunn et al. v. Allen et al. (Tex. Civ. App.) 63 S.W.(2d) 857; Barrera v. McCormick et al. (Tex. Civ. App.) 63 S.W. (2d) 1084; Haines et al. v. Russell et al. (Tex. Civ. App.) 49 S.W.(2d) 957.

█ The motion of appellee to strike from this record bills of exception brought forward by appellants has been examined and is overruled. On February 15, 1934, appellee's attorney waived the issuance, service, and return of citation in error. On March 7, 1934, the trial judge approved all the bills of exception and they were filed by the district clerk on March 8, 1934, within less than thirty days from the date of the waiver of issuance, service, and return of citation in error.

Appellants assign as error the action of the trial court: (1) In overruling appellant Sharber's motion for continuance on account of his illness; (2) in refusing to instruct a verdict in favor of appellants because the acknowledgments to the deed from Sharber and wife to Turner were taken by Judge O'Neal, vice president of the Atlanta National Bank, in whose favor two of the purchase-money notes were made

payable; and (3) in instructing a verdict in favor of appellee.

■ At the proper time appellant Sharber through his attorneys filed a motion for continuance in which, among other things, he states: "The said J. H. Sharber would respectfully show that he is at this time sick and unable to attend court, which is verified by certificates from two doctors, which are hereto attached, marked 'Exhibit B' and made a part of this application * * *" and "that the matters involved in this cause are such that it would be impossible for the case to go to trial when this defendant is not present in court." This motion is not sworn to; neither does it contain any statement as to what the testimony of Sharber would be if present on the trial of the case. We think the court committed no error in overruling this motion for continuance. R. S. arts. 2167 and 2168; Ferguson v. Ferguson (Tex. Com. App.) 23 S.W.(2d) 673; Rody v. Whitaker (Tex. Civ. App.) 37 S.W.(2d) 288; Poe v. Hall (Tex. Civ. App.) 241 S. W. 708. Furthermore, a stronger showing of good cause seems to be required for a continuance for the absence of a·party to the suit than for a mere witness. Goodwin ·v. American National Bank of Shreveport, La. (Tex. Civ. App.) 236 S. W. 780.

■ We next come to consider the assignment of error complaining of the refusal of the trial court to instruct a verdict in favor of appellants because it appeared that Judge H. F. O'Neal, vice president of the Atlanta National Bank, was the officer who took the acknowledgment of Sharber and his wife to the deed to Turner. We have examined all the authorities cited both by appellants and by appellee, and have made an independent search in an effort to come to a correct decision on this assignment. We have concluded that Judge O'Neal did not bear such relation to this transaction as would disqualify him to act as notary. The most that can be said relative to his interest is that it is an indirect one. From the evidence it is clear that the parties to this deed sought out Judge O'Neal at the suggestion of the cashier of the bank and solicited his services in the preparation and notorizing the same. The evidence is that they went to his office, told him about their trade, and he prepared the deed in the manner and form suggested by Turner and Sharber. There is no claim that he misled

the appellants to this transaction, or that he acted in any way except as their agent and attorney. He had no interest in the transaction between Sharber and Turner, and the most that can be said is that he had an indirect interest, remote in its character, in what might be derived as money earned on the two notes which were assigned to and purchased by the bank. His interest did not appear on the face of the instrument, and he was not acting as agent for the bank, but was purely the agent and attorney of the parties to the deed. In a case of this character it seems to us that where the notary is acting as agent for the parties to the deed, his name appearing nowhere upon the face of the instrument, with only an indirect interest in the money that might be earned on the two notes, he would not be disqualified to act. It should be remembered that the bank was not buying the land. It had no interest in the sale of the land from Sharber to Turner. All it did was to purchase two of the notes from Sharber. We do not think it could be concluded that if Judge O'Neal had drawn the deed with all the notes payable to Sharber, and Sharber had later transferred the notes to the bank, Judge O'Neal would be in the least disqualified to act as notary in the transaction. An elaborate discussion of this question is found in the case of Ross v. Ft. Worth National Bank (Tex. Civ. App) 30 S.W.(2d) 518, 519. In that case Judge Dunklin discusses all the leading cases having to do with this question, and reference is made to that case and the citation of the authorities therein. Therefore, it is our opinion that this assignment should be overruled. Kutch v. Holley, 77 Tex. 220, 14 S. W. 32; Gordon-Sewall & Co. v. Walker (Tex. Civ. App.) 258 S. W. 233; Creosoted Wood Block Paving Co. v. McKay (Tex. Civ. App.) 211 S. W. 822; W. C. Belcher Land Mortgage Co. v. Taylor (Tex. Com. App.) 212 S. W. 647.

The third and last assignment complaining of the action of the trial court in instructing a verdict in favor of appellee, in our judgment, presents no error. The record in this case is devoid of evidence tending to substantiate the allegations in appellants' answer, and we think that the trial court was correct in instructing a verdict for appellee as it did.

Finding no error in the record, the judgment is in all things affirmed.