## J. H. SHARBER (W. A. TURNER ET AL.) V. ATLANTA NATIONAL BANK.

No. 6962. Decided November 24, 1937.
(109 S. W., 2d Series, 1042.)

*Carney & Carney,* of Atlanta, *Owsley & Owsley,* of Denton, for plaintiff in error.

*Ben A. Harper,* of Tyler, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

On January 3, 1927, J. H. Sharber and wife executed a deed to W. A. Turner conveying 109 acres of land. The recited consideration was $1,400.00, represented by seven vendor's lien notes. Prior to the preparation of the deed Sharber interviewed the cashier of the Atlanta National Bank to see if the bank could "carry" a part of these notes. The bank agreed to advance as much as $350.00 and it was agreed that the first two purchase money notes, each for $175.00, were to be made payable direct to the bank, and were to be secured by a first lien on the land. The other five notes were payable to Sharber, and were secured by a second lien. They were all executed by Turner and bore interest at the rate of 8 per cent. per annum. The two notes made payable to the bank were also indorsed by Sharber.

In pursuance of this arrangement Sharber and wife and Turner had Judge H. F. O'Neal to prepare the deed and notes, and Judge O'Neal took the acknowledgments of Sharber and wife to the deed. On January 27, 1927, Turner reconveyed the land to Sharber for a recited consideration of $50.00 cash, and the assumption by Sharber of the payment of the notes which had previously been executed by Turner.

Default was made in payment of the two notes due the bank, and this suit was instituted by the bank against Sharber and Turner to enforce their collection and for foreclosure of the vendor's lien on the 109 acres. Upon an instructed verdict, judgment was in favor of the bank for the debt against Sharber

and Turner, and for a foreclosure of the lien. Turner did not appeal. Sharber did appeal, and the judgment of the district court was affirmed by the Court of Civil Appeals. 83 S. W. (2d) 454. The bank will be referred to as plaintiff and Sharber will be designated defendant.

The defendant Sharber sought to defeat the enforcement of the lien on the ground that the land was a part of the homestead of himself and family, and the transaction with Turner was merely a simulated one for the purpose of fixing a lien. For the purpose of this decision, it may be said that the evidence failed to raise an issue of fact in this respect; or at least failed to show that the bank had any knowledge of any irregularity in the sale.

Defendant further sought to defeat the lien on the ground that as the land was a part of the homestead, the acknowledgments of himself and his wife were void, because at the time Judge O'Neal, as notary public, took such acknowledgments he was vice president of and a stockholder in the plaintiff bank. The holding of the Court of Civil Appeals upon this point presents the important question for decision here. It is not disputed that Judge O'Neal was an officer of and stockholder in the bank.

■ It seems to be almost universally recognized that an acknowledgment taken by a notary public, who is a stockholder in a corporation, to an instrument in which the corporation has an interest, is void. Workmen's Mutual Aid Assn. v. Monroe, 53 S. W. 1029 (writ refused) ; Bexar Building & Loan Assn. v. Heady, 21 Texas Civ. App. 154, 50 S. W. 1070 (writ refused) ; 1 Corpus Juris, p. 806, Sec. 113; Annotation 51 A. L. R. 1529.

But it is urged that the bank was not interested in this instrument to such extent as to disqualify the notary. If the transaction had merely been a land sale between Sharber and Turner, and there had later been an assignment of the two notes by Sharber to the bank, there might have been a different situation. However, in this instance the deed was prepared in accordance with an understanding had with the cashier of the bank, and the making of the two notes payable directly to the bank, with superior lien, indorsed by Sharber, had the effect of creating a lien in favor of the bank, in addition to the transaction between Sharber and Turner, just as if Sharber had first given a deed of trust to the bank and then conveyed the land to Turner. We think the bank had a direct interest in the transaction and instrument. The fact that Judge O'Neal may not have known the true facts has nothing to do with the matter.

While the evidence is very meager, yet we think it is sufficient to raise an issue of fact as to whether or not the 109 acres was a part of the homestead. The question of the authority of the

notary to take the acknowledgments might become unimportant in the event it should be found that the land was not a part of the homestead. As Sharber and wife were both unable to attend court on account of illness, it is evident that the facts of the case on the question of homestead and the nature of the transaction were not fully developed.

■ Defendant in error has questioned the sufficiency of the affidavit in lieu of bond for costs, because the same was sworn to before the attorney for plaintiff in error, and because no proof of inability to make bond was made. In view of the provisions of Article 2266 of the Revised Statutes, as amended in 1931, Acts 42d Legislature, Chapter 134, page 226, Sec. 1, we think the affidavit was sufficient.

■ We are also of the opinion that the petition for writ of error from the district court to the Court of Civil Appeals was sufficient. It described the judgment with reasonable certainty, and named the parties. The failure to give the residences of the parties was not fatal, in view of the fact that the attorney for defendant in error waived the issuance of citation on the writ and accepted service. The defendant in error also appeared and filed brief in the Court of Civil Appeals. 3 Tex. Jur., pp. 290-292, Sec. 196.

The judgments of the trial court and of the Court of Civil Appeals, in so far as they awarded a money judgment against Turner and Sharber, are affirmed, but in so far as they awarded judgment in favor of the bank foreclosing lien on the land are reversed and the cause is remanded.

Opinion adopted by the Supreme Court November 24, 1937.