**A. E. SWIFT & SONS, CONCRETE CONTRACTORS, INC., et al., Appellants,**

**v.**

**SAM SANDERS, INC., Appellee.**

**No. 7631.**

Court of Civil Appeals of Texas.

Amarillo.

July 5, 1966.

Folley, Snodgrass, Calhoun & Kolius, Jerry R. Hollingsworth, Amarillo, Joe Bob Brown, Amarillo, of counsel, for appellants.

Gowdy & Kirk, Littlefield, for appellee.

CHAPMAN, Justice.

This is an appeal by A. N. Swift and W. L. Swift from a judgment rendered in a suit filed upon a sworn account by Sam Sanders, Inc., and tried to the court. Judgment was rendered for Sam Sanders, Inc. against W. L. Swift and A. N. Swift, jointly and severally, and a take-nothing judgment was rendered for A. E. Swift & Sons, Concrete Contractors, Inc., another defendant. W. L. Swift and A. N. Swift have perfected their appeal to this court by separate briefs with separate counsel. Findings of fact and conclusions of law were filed by the trial court and no application for additional or amended findings were made.

Since W. L. Swift's Point No. 1 is unrelated to any points of A. N. Swift, we shall pass upon that point first. In such point contention is made that the trial court " * * * erred in overruling appellants' first motion for continuance because as a matter of law there was an abuse of discretion on the part of the trial court in failing to grant such motion." Rule 252, Vernon's Annotated Texas Rules of Civil Procedure, provides:

"If the ground of such application be the want of testimony, *the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence,* and the cause of failure, if known; that such testimony cannot be procured from any other source; and, if it be for the absence of a witness, he shall state the name and residence of the witness, and *what he expects to prove by him;* and also state that the continuance is not sought for delay only, but that justice may be done; provided that, on a first application for a continuance, it shall not be necessary to show that the absent testimony cannot be procured from any other source." (Emphases added).

No affidavit is shown in the record, but only an oral motion. The witness is one of the parties to the suit. The record indicates he had been ill from a nervous condition for some time prior to trial and had not appeared at any of the other numerous hearings, yet, no effort is shown in the record to take his deposition and no subpoena was issued for him by W. L. Swift. Thus, there is a lack of diligence to procure his testimony and no showing in the record of compliance with the rule as to what he would testify to or its materiality before the oral motion was overruled. We hold the trial court did not abuse its discretion in refusing to grant the oral motion for continuance. Poe v. Hall, Tex.Civ.App., 241 S.W. 708 (N.W.H.); Turner v. Atlanta Nat. Bank, Tex.Civ.App., 83 S.W.2d 454, affirmed Sharber v. Atlanta Nat. Bank, 130 Tex. 296, 109 S.W.2d 1042; Muldoon v. J. E. Bray Land Co., Tex.Civ.App., 171 S.W. 1027 (N.W.H.).

At least one Court of Civil Appeals has held that where an application for continu-

ance is shown because of the absence of a party to the suit a more strict showing of good cause seems to be required. Goodwin v. American Nat. Bank of Shreveport, La., Tex.Civ.App., 236 S.W. 780 (N.W.H.).

The trial court herself stated: "Well, I expect the defendants are not surprised that he is not here since he has not appeared at the other hearings."

Appellant W. L. Swift's Point No. 3 and appellant A. N. Swift's Point No. 1 constitute the same assertion of error; i. e., reversible error of the court in denying their pleas in abatement. Therefore, we shall discuss them together.

In 1946 a partnership in Amarillo was formed between A. E. Swift, the father, and his two sons, the two appellants herein, for the purpose of concrete contracting. In the early 1950's the same three parties organized two corporations, A. E. Swift & Sons, Concrete Contractors, Inc., and A. E. Swift & Sons Transit Mix, Inc., with those three parties as the only original owners, stockholders, directors and officers of the corporations. The father was president of both corporations. W. L. Swift was "Secretary of the Treasury" and A. N. Swift was vice-president respectively of each, and both corporations and the partnership were all involved in concrete work in striving toward the same end, that of furnishing concrete construction.

A. E. Swift & Sons Transit Mix, Inc. shows to be the subject of involuntary bankruptcy in the United States District Court for the Northern District of Texas.

The court in its findings of fact found, inter alia, (1) the original obligation from which this account grew was and has been at all times, charged to A. E. Swift & Sons; (2) the original members of the partnership were A. E. Swift, W. L. Swift and A. N. Swift; (3) A. E. Swift died on or about March 1, 1964; (4) more than the amount sued on has accrued since May 1, 1962; (5) appellee delivered a great amount of materials to appellants over a period of

several years; (6) A. E. Swift & Sons, Concrete Contractors, Inc. assumed the sum of $12,523.08 due to appellee by an instrument in writing dated August 12, 1963, and more than that amount has been paid since that date; (7) periodic payments have been made on said account, together with charges for material furnished over the same period; and (8) the claim is past due and unpaid and there is now due on the obligation the sum of $14,574.11.

The court concluded as a matter of law that W. L. Swift is liable for that portion of the debt that has accrued since May 1, 1962; that A. E. Swift & Sons, Concrete Contractors, Inc., is not liable to the appellee for any amount; that W. L. Swift and A. N. Swift, as surviving members of the partnership, are liable for the full amount of the debt; and that Sam Sanders, Inc. should recover from W. L. Swift and A. N. Swift, jointly and severally, the sum of the judgment rendered, with interest from the date of final judgment.

By their pleas in abatement appellants assert the suit was required to be abated for the reason, that appellee's filing in the bankruptcy court of a claim on the same account, it made an election of remedy. A. N. Swift argues that the claim constitutes the filing of a prior suit " * * * against another party," and " * * * this admission against its interest of having filed the prior suit against another party should bind it to seeking its remedy solely from that party in the bankruptcy court." W. L. Swift argues " * * * appellee having filed in the bankruptcy court a claim on the same account against the other corporation has made an election of remedy as to which party to sue."

There is introduced into the record a cardboard box twenty-four inches long, twelve-inches wide and approximately six-inches deep filled with tickets that appear to total several thousand showing the materials were sold through the years to Swift & Sons. The inventory sheets of appellee introduced into evidence for the

periods under consideration corresponding to the ticket numbers show the materials were delivered to A. E. Swift & Sons. The tickets show the materials represented by them were received, and they are signed by different individuals. There is no evidence to show by whom these individuals were employed, but the tickets, as heretofore stated, were made out to Swift & Sons. W. L. Swift as a witness admitted:

"Q. You received bills from Sam Sanders, Inc. addressed to A. E. Swift & Sons, didn't you?

A. They received those in New Mexico, yes, at Clovis."

He also testified that after the corporations were formed their bank account was still in the name of A. E. Swift & Sons and all three of them had authority to write checks on it, and did write checks on it. He also said:

"Q. And after these corporations were organized, what, if anything was done differently with reference to the way the business was carried on?

A. Nothing except the business we did in Mexico, my father handled as long as he was alive."

Each appellant cites one case separate from the other for their respective contentions that the court committed reversible error in failing to sustain their respective pleas in abatement. Each case appears clearly distinguishable from the instant case.

Perkins Dry Goods Co. v. Dennis, Tex. Civ.App., 54 S.W.2d 1078 is cited by W. L. Swift for its contention. In that case the plea was for the purpose of staying prosecution until the defendant's application for discharge in bankruptcy had been acted on by the bankruptcy court. The subject of bankruptcy, Dennis, was the same individual against whom judgment was sought in the state court, while in our case the subject of bankruptcy was A. E. Swift & Sons Transit Mix, Inc. and those proceeded against in state court are the survivors of the partnership. Additionally, appellee has pleaded that any recovery allowed on its claim in bankruptcy would be credited to the judgment in state court.

A. N. Swift has cited as his authority for abating the case in state court Arroyo-Colorado Nav. Dist. of Cameron and Willacy Counties v. State Nat. Bank of Brownsville, Tex.Civ.App., 90 S.W.2d 881 (writ dism.). That case appears to be even less in point on the facts of our case. That case did not involve a claim in bankruptcy court not acted upon, but a judgment in state court upon which a substantial recovery had been made against the receiver of Merchants National Bank and sureties on a depository bond. The suit abated was a tort action against one of several alleged tort feasor banks for collusion with the defunct bank for a more favorable rate of interest on the depository funds of the plaintiff. The court held an election of remedies was made when the plaintiff sued and recovered against the receiver and sureties on the bond of the defunct bank.

Since we have ourselves been unable to find a case directly in point on the facts in the instant case we must rely on general principles of law.

The doctrine of election of remedies is not a favorite of equity, and its scope should not be extended.[1] It is applied only where elements of estoppel are present or where inconsistency in claims asserted amounts to stultification.[2]

An erroneous selection of a tribunal does not constitute an election of remedies

---

1. Slay v. Burnett Trust, 143 Tex. 621, 187 S.W.2d 377; Liberty Mutual Ins. Co. v. First Nat. Bank in Dallas, 151 Tex. 12, 245 S.W.2d 237.

2. In re Rose, 5 Cir., 39 F.2d 242 and cases cited therein.

and the bar to a subsequent suit in a court of competent jurisdiction.[3]

A party is not concluded by selection of one of two remedies unless made with knowledge or means of knowledge of facts.[4]

A litigant's supposition that he had a particular remedy, and his effort to enforce it does not constitute an election of remedies, unless the remedy, in fact, existed.[5]

Having billed all materials through the years delivered both in New Mexico and the few delivered in Texas to Swift & Sons and then learning the same parties were involved in a bankruptcy proceeding, it is understandable that appellee did not know which tribunal to go to for recovery. By filing a claim in bankruptcy and then filing suit against the survivors of the partnership, it is obvious that any selection appellee made was not with knowledge or means of knowledge of the facts. Further, if a remedy did not in fact exist in the bankruptcy proceedings (and there is no evidence it did) then its supposition that it had a claim and its filing of one did not constitute an election of remedies under the general rule above stated.

The burden was on appellants to establish their pleas in abatement and we believe they failed to make any showing that appellee had knowledge or means of knowledge of the inter-related operations between the partnership and the corporations. Then, the general rule that an erroneous selection of a tribunal does not constitute an election of remedies and the bar to a subsequent suit in a court of competent jurisdiction would preclude the right to abate the cause under the facts in our case, in view of the fact that the materials for which payment is sought were delivered to Swift & Sons, the partnership. There is not any evidence in the record that any claim made in the bankruptcy court against the corporate bankrupt has been paid or that any injury has been done to an innocent party. Accordingly, we hold the trial court was correct in denying the pleas in abatement.

W. L. Swift's Point No. 2 is not briefed and Points 2 through 22 of appellant A. N. Swift are not briefed. Therefore, we may assume such points are waived. McClanahan v. Cook, Tex.Civ.App., 401 S.W.2d 352 and the rules and authorities there cited.

The judgment of the trial court is affirmed.

---

3. Railroad Commission v. Shell Oil Co., Tex.Civ.Ap., 170 S.W.2d 568.

4. Slay v. Burnett Trust, supra.

5. Schwarz v. National Loan & Investment Co., Tex.Civ.App., 133 S.W.2d 133 (error ref.); Breland v. Guaranty Building & Loan Co., Tex.Civ.App., 119 S.W.2d 690 (writ ref.).